UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JONATHAN HARRIS,

                  Plaintiff,

      -against-

CITY OF NEW YORK; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                  Defendants.
------------------------------------------------------------------x

**COMPLAINT**

15 CV 8456

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of the Administrative Code of the City of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the City Human Rights Law claims pursuant to 28 U.S.C. § 1367.

6. This Court has supplemental jurisdiction over the claims brought pursuant to the Administrative Code of the City of New York because they are so related to plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## JURY DEMAND

7. Plaintiff demands a trial by jury in this action.

## PARTIES

8. Plaintiff Jonathan Harris ("plaintiff" or "Mr. Harris") is a resident of Bronx County in the City and State of New York.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

-2-

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 11:00 p.m. on May 7, 2015, plaintiff was lawfully present in the vicinity of 62nd Street and Amsterdam Avenue in Manhattan.

14. In the absence of reasonable suspicion, the defendants detained Mr. Harris.

15. Defendants proceeded to conduct an unlawful search of plaintiff that uncovered no contraband.

16. Even though defendants lacked arguable probable cause to arrest Mr.

Harris, they did so anyway and attempted to charge him with criminal possession of a weapon.

17. After arresting plaintiff, one of the defendants used a cell phone to take photographs and/or video of Mr. Harris while making fun of him.

18. Plaintiff was eventually taken to the 20th precinct.

19. At the precinct, defendants falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff in possession of a weapon.

20. At no point did the officers observe Mr. Harris in possession of a weapon, nor did Mr. Harris ever possess a weapon.

21. After spending several hours in custody, Mr. Harris was issued a desk appearance ticket.

22. Mr. Harris was later informed by letter that the District Attorney's office had declined to prosecute him.

23. Upon information and belief, defendants took law enforcement action with regard to Mr. Harris based solely on his actual and/or perceived color and/or race.

24. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
### Unlawful Stop and Search

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

30. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Denial of Constitutional Right to Fair Trial

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The individual defendants created false evidence against plaintiff.

33. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

34. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Failure to Intervene

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity

prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

38. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Bias-Based Profiling

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. In initiating law enforcement action against Mr. Harris based on his actual and/or perceived race and/or color rather than Mr. Harris's behavior or other information linking him to suspected unlawful activity, the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

42. Accordingly, plaintiff is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:	October 27, 2015
	New York, New York

	HARVIS & FETT LLP

	_____
	Gabriel Harvis
	305 Broadway, 14th Floor
	New York, New York 10007
	(212) 323-6880
	gharvis@civilrights.nyc

	*Attorneys for plaintiff*