UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JONATHAN HARRIS,

                                       Plaintiff,

                    -against-

THE CITY OF NEW YORK; and JOHN and JANE DOE 1
through 10, individually and in their official capacities (the
names John and Jane Doe being fictitious as the true names
are presently unknown),

                                 Defendants.

------------------------------------------------------------------------ X

**ANSWER TO THE
COMPLAINT BY
DEFENDANT CITY**

15 CV 8456 (CM) (RLE)

JURY TRIAL DEMANDED

Defendant City of New York by its attorney Zachary W. Carter, Corporation
Counsel of the City of New York, for their answer to the Complaint, respectfully allege, upon
information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the
Complaint, except admit that plaintiff purports to bring this action as stated
therein.

        2. Deny the allegations set forth in paragraph "2" of the
Complaint, except admit that plaintiff purports to bring this action as stated
therein.

        3. Deny the allegations set forth in paragraph "3" of the
Complaint, except admit that plaintiff purports to invoke the jurisdiction of the
Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiff purports to invoke the supplemental jurisdiction of the Court as stated therein.

7. Paragraph "7" of the Complaint is a demand for a jury trial to which no response is required.

8. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint except admit that the City of New York is a municipal corporation duly organized under the laws of the State of New York and that the City of New York maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between the City of New York and the New York City Police Department.

10. Deny knowledge and information sufficient to form a belief as to the identity of the John and Jane Doe defendants set forth in paragraph "10" of the Complaint.

11. Deny knowledge and information sufficient to form a belief as to the allegations set forth in paragraph "11" of the Complaint.

12. Paragraph "12' sets forth conclusions of law to which no response is required.

13. Deny knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Admit the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint except admit that plaintiff was arrested for possession of a weapon on May 7, 2015.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint except admit that plaintiff was issued a desk appearance ticket on May 8, 2015.

22. Deny the allegations set forth in paragraph "22" of the Complaint except admit the District Attorney's Office declined to prosecute plaintiff on June 2, 2015.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. In response to the allegations set forth in paragraph "25" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. In response to the allegations set forth in paragraph "28" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. In response to the allegations set forth in paragraph "31" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Paragraph "42" sets forth conclusions of law to which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

43. The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

44. There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR AN THIRD AFFIRMATIVE DEFENSE:

45. At all times relevant to the incident, Defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, Defendant City of New York is entitled to governmental immunity.

### AS AND FOR AN FOURTH AFFIRMATIVE DEFENSE:

46. Plaintiff cannot obtain punitive damages against defendant City of New York.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE:

47. Defendant has not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant violated any Act of Congress providing for the protection of civil rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

48. Plaintiff has no standing to seek injunctive and or declaratory relief.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

49. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

50. To the extent plaintiff alleges state law claims, plaintiff may have failed to comply with New York General Municipal Law §§ 50(e) and 50(i), et seq.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

51. Plaintiff has failed to comply with certain conditions precedent to suit.

**WHEREFORE,** defendant City of New York respectfully requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
              January 19, 2016

                                    ZACHARY W. CARTER
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for Defendant City*
                                    100 Church Street, Room 3-208
                                    New York, New York 10007
                                    (212) 356-2656

                            By:         /s/
                                      Paul H. Johnson
                                      Assistant Corporation Counsel
                                      Special Federal Litigation Division

TO:         Gabriel Harvis, Esq. **(via ECF)**
               *Attorney for Plaintiff*
               305 Broadway, 14th Floor
               New York, New York 10007

Index No. 115 CV 8456 (CM) (RLE)

---

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JONATHAN HARRIS,

                                             Plaintiff,

                      -against-


THE CITY OF NEW YORK; and JOHN and JANE DOE
1 through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious as the true
names are presently unknown),

                                      Defendants.

---

### ANSWER TO THE COMPLAINT BY
### DEFENDANTS CITY AND VOBIS

---

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City*
*100 Church Street Rm 3-208*
*New York, New York  10007*

*Of Counsel: Paul H. Johnson*
*Tel:  (212) 356-2656*

---

*Due and timely service is hereby admitted.*

*New York, N.Y.  ...................................., 2016 . . .*

*..................................................................... Esq.*

*Attorney for .........................................................*