

GABRIEL P. HARVIS
BAREE N. FETT

July 18, 2017

**BY ECF & HAND**
Honorable Ronald L. Ellis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   *Jonathan Harris v. City of New York, et al.*, 15 CV 8456 (CM)

Your Honor:

    I represent plaintiff Jonathan Harris in the above-referenced civil rights action. I reluctantly write to respectfully address the letter filed yesterday by defendants at Docket Entry no. 57.

    Without offering any explanation for their misrepresentations to the Court on July 13, 2017, defendants state that "the remaining disciplinary files" were produced to plaintiff yesterday, when in fact they were not.

    The only thing plaintiff received, shortly before defendants filed their response to the Court's Order to Show Cause yesterday afternoon, was 47 pages of summary material purportedly related to the 22 complaints at issue, of which 18 pages were duplicates of previously-produced material. Contrary to the Court's order and defendants' repeated, unqualified representations to Your Honor, not a single underlying document was produced.[1]

    It is clear from the face of the documents – many of which do not even provide

---

[1] If it should please the Court, due to confidentiality concerns, plaintiff is not uploading the 47 pages to the public docket, but a complete set of the documents, bearing Bates Stamp numbers DEF721-768, is being delivered by hand with a courtesy copy of this submission. The documents are referenced as Exhibit 1 herein.

Hon. Ronald L. Ellis
July 18, 2017

basic information about the nature of the allegation – that investigations were conducted and underlying files generated. In several cases, the summary pages reference exhibits and recorded interviews, none of which have been provided. *See* Exhibit 1 at DEF736, 744, 764 and 766. Others reflect what appear to be full-blown investigations that necessarily generated documents, notes and exhibits, none of which have been produced, despite express representations from the defense. *Id.* at DEF731-33 (investigation of two defendants by the Bronx Patrol Unit on a variety of allegations from August 31, 2009 through June 23, 2010).

For example, in one complaint, described in the produced record only as "Property (Drugs in PD[)]," the unknown allegation against the defendant was substantiated after a six-month investigation, resulting in the issuance of a command discipline. *Id.* at DEF760. Plaintiff has not been provided with the command discipline or any portion of the investigative file. In other of the summary documents, there are unambiguous indications that investigations were conducted, such as the assignment of supervisory investigators or the categorization of the allegations as involving "Corruption," the most serious category of misconduct with the Internal Affairs system. *Id.* at DEF726-730. Yet plaintiff has not been provided with any underlying material as to any of these allegations.

For these reasons, plaintiff respectfully submits that the underlying files have not been produced. Plaintiff respectfully requests that the Court take this information into consideration in assessing the sufficiency of defendants' response yesterday.

Thank you for your consideration of this request.

Respectfully submitted,

Gabriel P. Harvis

Encl.

cc:   Paul H. Johnson, Esq.