

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

PAUL H. JOHNSON
*Assistant Corporation Counsel*
phone: (212) 356-2656
fax: (212) 356-3509
email: pajohnso@law.nyc.gov

July 25, 2017

<u>VIA ECF</u>
Honorable Ronald E. Ellis
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 11201

    Re:  <u>Jonathan Harris v. City of New York, et al.</u>,
           15-CV-08456 (CM)(RLE)

Your Honor:

    I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department, assigned to represent defendants in the above-referenced matter. Defendants write in response to the Court's order dated July 24, 2017 that the defendants state with specificity the process wherein factually incorrect information was provided to the Court and respond to Harris's factual assertions.

    Between May and July of 2017, defendants produced disciplinary files on a rolling basis relevant to the claims at issue in this matter up to July 12, 2017. Upon information and belief, defendants believed they had produced all the relevant files in this matter. At the Court Conference on July 13, 2017 defendants stated that they upon information and belief they produced all the relevant disciplinary files.

    The Court then ordered the parties to meet and confer to determine if there were in fact any other missing disciplinary files by noon on July 15, 2017 and to produce photographs of the defendant officers. Defendants produced the photograph of defendant Taylor after the hearing. Defendants meet and conferred with plaintiff's counsel regarding any outstanding files and produce said files by noon on July 15, 2017. Prior to defendant Taylor's deposition which took place at approximately noon on July 15, 2017, defendants produced the outstanding disciplinary file for Detective Taylor.

    When plaintiffs stated they believed certain files were outstanding, defendants checked their database and it did appear that some of the files had not been produced. Because defendants had to attend a deposition in this matter, it requested extra time to produce the

requested documents. Defendants then produced the requested documents by July 17, 2017. Defendants also produced the remaining photographs of the defendant officers after the parties agreed to designate the photographs as confidential per the protective order in effect for all 1983 plan cases in this matter.

The outstanding disciplinary files refer to investigations conducted at the precinct level that did not result in a large investigatory file being produced. Further, the records detail investigations into officers not parties to this action. Defendants are not withholding any documents in its possession regarding the disciplinary records regarding the defendant officers. Defendants also re-ran the disciplinary files for all IAB files requested by plaintiff to ensure it produced all the documents it had outstanding in this matter and produced the results to plaintiff.

Plaintiff references in his July 18, 2017 letter disciplinary files where he believes files are missing. Plaintiff refers the Court DEF736, which is an investigation into an incomplete memobook entry of Det. Justin Parris, which is a violation of departmental rules. Defendants produced all documents in its possession regarding the incident and the document contains all the investigatory steps taken in this action, see DEF735-737. Defendants further state that that allegation refers to Detective Justin Parris and the parties have agreed to suspend his deposition upon information and belief that he did not participate in plaintiff's arrest and prosecution. That said, defendants produced all the records in its possession regarding the memobook entry allegation.

Plaintiff refers to regarding an unsubstantiated missing property allegation against defendant Taylor. The file contains a list of all the investigatory actions taken in that incident, see DEF744 to DEF745. Plaintiff refers DEF764, which refers to an unsubstantiated strip search allegation made against defendant Ayala. As an initial matter there is no strip search allegation claim in this action. Second, the parties have suspended the deposition of defendant Ayala under the belief he had no role in the arrest and prosecution of plaintiff. That said, the entirely of the investigatory file can be read from DEF761 through DEF768. Plaintiff also refers to DEF760, which refers to a command discipline given to defendant Ayala for missing property. Defendants have produced all the files in its possession on this matter.

Plaintiff states that files are missing from DEF731-733 which alleges an improper search by defendant Magliano and defendant Parris. The parties have agreed to suspend the deposition of defendant Parris upon information and belief he did not participate in plaintiff's arrest and prosecution. The documents also contain an excessive force allegation against non-party officers. The documents contain all the investigatory actions taken in this matter and at DEF733 it states that it found negative results regarding the missing property and that the force allegations pled against non-party officers would be continued in a different investigation. Defendants state in produced all the files in its possession regarding this matter.

Plaintiff references DEF726 to DEF730 regarding an unsubstantiated excessive force claim against Sgt. Noce. As an initial matter there is no excessive force claim in this action. Further, the claim was unsubstantiated and defendants produced all documents in its possession regarding the incident. The incident also contains allegations about non-party officers.

The undersigned apologizes for his mistake that upon information and belief all the relevant documents had been produced and produced the relevant files and the undersigned attempted to correct any omission immediately after they were discovered.

Thank you for your consideration in this matter.

Respectfully submitted,

Paul H. Johnson<br>
Assistant Corporation Counsel<br>
Special Federal Litigation Division

To: <u>VIA ECF</u>
Gabriel Harvis
The Law Office of Harvis and Fett
*Attorney for Plaintiffs*
305 Broadway 14th Floor
New York, NY 10007