15 CV 8456 (CM) (RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN HARRIS,

                                               Plaintiff,

                     -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; Detective DOMINGO AYALA, Shield No. 10854,

                                            Defendants.

## MEMORANDUM OF LAW IN OPPOSITON TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*
*Of Counsel: Paul H. Johnson*
*Tel: (212) 356-2656*

## TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ................................................................................................ II

PROCEDURAL HISTORY................................................................................................... 1

POINT I PLAINTIFF LACKS GOOD CAUSE TO AMEND THE COMPLAINT .............. 2

POINT II PLAINTIFF'S AMENDMENT WOULD BE FUTILE............................................ 4

CONCLUSION........................................................................................................................ 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Agerbrink v. Model Serv. LLC,
  155 F. Supp. 3d 448, 2016 U.S. Dist. LEXIS 1792, 93 Fed. R. Serv. 3d ................................. 2

Biswas v. City of New York,
  973 F. Supp. 2d 504 (S.D.N.Y.) ................................................................................................ 6

Donovan v. Am. Skandia Life Assur. Corp.,
  217 F.R.D. 325 (S.D.N.Y. 2003) ............................................................................................... 4

Grochowski v. Phoenix Constr., Ypsilon, Contstr. Corp.,
  318 F.3d 80 (2d Cir. 2003) ........................................................................................................ 2

Jovanovic v. City of New York,
  486 F. App'x 149 (2d Cir. 2012) ............................................................................................... 6

McCarthy v. Dun & Bradstreet Corp.,
  482 F.3d 184 (2d Cir. 2007) ...................................................................................................... 2

McNeill v. Jordan,
  2017 U.S. Dist. LEXIS 107280, 2017 WL 2955763 (E.D.N.Y. July 10, 2017) ....................... 5

Morgan v. County of Nassau,
  720 F. Supp. 2d 229 (E.D.N.Y. 2010) ...................................................................................... 6

Provost v. City of Newburgh,
  262 F.3d 146 (2d Cir. 2001) ...................................................................................................... 5

**Other Authorities**

Ex. A. Arrest Report No. M15633672 .............................................................................................. 3

DOE 1 through 10 ............................................................................................................................. 1

DOE 3 through 10 ............................................................................................................................. 1

Fed. R. Civ. P. 12(b)(6) ..................................................................................................................... 4

Federal Rules of Civil Procedure Rule 15(a) .................................................................................... 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JONATHAN HARRIS,

                               Plaintiff,

                                                    15 CV 8456 (CM)
      -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR,
Shield No. 4438; Police Officer NEIL MAGLIANO,
Shield No. 2766; Police Officer SEAN NOCE, Shield
No. 31328; Detective JUSTIN PARRIS, Shield No.
22965; Detective DOMINGO AYALA, Shield No.
10854,

                               Defendants.
------------------------------------------------------------------X

## PROCEDURAL HISTORY

Plaintiff Jonathan Harris filed his Complaint on October 27, 2015 against the City of New York. Defendant City answered on January 19, 2016. Defendants served their initial disclosures on plaintiff on February 10, 2016 and plaintiff filed his First Amended Complaint on March 1, 2016. Plaintiff filed a Second Amended Complaint on January 31, 2017. The Court terminated the John and Jane Doe parties on February 2, 2017 and defendants answered on March 8, 2017. The Court held an initial conference on April 7, 2017 and the parties entered into a Case Management Plan which stated that the pleadings could be amended without leave until May 31, 2017. Plaintiff made no motion to extend the time to amend the Complaint. Discovery in this matter ended on July 31, 2017. Plaintiff now moves for leave to amend the Complaint to remove one defendant, Domingo Ayala and add another defendant, Wesley Fradera. Defendants oppose the motion to amend as to the addition of Sgt. Fradera as a defendant as plaintiff's request is untimely as it comes after the end of discovery and plaintiff has known of Sgt. Fradera's role as the supervising officer since Defendants' Initial Disclosures served on plaintiff

on February 10, 2016. Finally adding Sgt. Fradera as a defendant would be futile as plaintiff has offered no evidence he had personal involvement in plaintiff's questioning, arrest and prosecution.

## ARGUMENT

### POINT I

### PLAINTIFF LACKS GOOD CAUSE TO AMEND THE COMPLAINT

Rule 15(a) of the Federal Rules of Civil Procedure instructs that "leave [to amend] shall be freely given when justice so requires." However, leave to amend may be denied when amending the Complaint would result in undue prejudice to the non-moving party. Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 454, 2016 U.S. Dist. LEXIS 1792, *8, 93 Fed. R. Serv. 3d (Callaghan) 851 (S.D.N.Y. Jan. 7, 2016). While Courts should allow the parties to freely amend pursuant to a scheduling order, the court must balance the interest of the parties when an amendment is sought outside of the scheduling order. "A finding of good cause depends on the diligence of the moving party." Grochowski v. Phoenix Constr., Ypsilon, Contstr. Corp., 318 F.3d 80, 86, (2d Cir. 2003). Courts have denied leave to amend when a party seeks to amend the complaint after discovery has closed. See, e.g., McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (no abuse of discretion in denying motion to amend where

discovery had closed, defendants had filed for summary judgment and nearly two years had passed since the filing of the complaint.).

In the instant matter, plaintiff claims he first became aware of Sgt. Fradera as a potential defendant after the deposition of the arresting officer Brian Taylor held on July 14, 2017. However, defendants served their initial disclosures on plaintiff on February 10, 2016 and the arrest report in this action -- the first document produced by defendants -- plainly listed Sgt. Fradera as the supervising officer who approved the arrest. (Arrest Report No. M15633672, for Jonathan Harris, annexed to the Declaration of Paul H. Johnson dated August 11, 2017 ("Johnson Decl."), Exhibit "A" at Bates stamp Nos. DEF000001 through DEF000003). Therefore the resulting delay in naming Sgt. Fradera is not excusable as Sgt. Fradera's name was listed as a supervisor approving the arrest on documents produced to plaintiff over a year ago. Plaintiff had ample time to name Sgt. Fradera as a defendant within the time permitted by this Court.

After the Initial Conference held on April 7, 2017, the Court gave plaintiff additional time to amend the Complaint until May 31, 2017. Again, this offered plaintiff time to name Sgt. Fradera as a defendant without leave of the court. Plaintiff cannot claim he did not know of the existence of a supervising officer as that officer was identified in the very first document plaintiff received. Plaintiff has not proffered a reasonable explanation as to why the existence of Sgt. Fradera should be considered "new" and therefore he should be allowed to

3

amend the Complaint after the close of discovery and just prior to the filing of any dispositive motions in this matter.

Finally, plaintiff has not explained how the Amended Complaint would affect other deadlines in this matter. Currently, the pretrial order or any dispositive motion must be filed by August 31, 2017. Plaintiff has offered no explanation for how his proposed Amended Complaint would alter those deadlines nor has he proposed a Revised Scheduling Order to the Court. Defendants submit that re-opening discovery for the purposes of deposing Sgt. Fradera would be an undue burden as plaintiff's proposed Third Amended Complaint does not any new claims to this matter and therefore the burden or expense of the any proposed discovery outweighs its likely benefit.

Plaintiff's motion to amend is untimely because Sgt. Fradera name was disclosed to plaintiff on February 10, 2016 and he has failed to show a good faith reason why Sgt. Fradera could not have been added to the Complaint prior to the Court sanctioned deadlines in this matter and plaintiff has offered no explanation for how his proposed Amended Complaint would alter the deadlines currently in place by the Case Management Plan so ordered by this Court on April 7, 2017. Therefore, for the above stated reasons, the Court should deny plaintiff's request to amend the Complaint as untimely.

4

## POINT II

## PLAINTIFF'S AMENDMENT WOULD BE FUTILE

An amendment is considered "futile" if the amended pleading fails to state a claim, or would be subject to a successful motion to dismiss on some other basis. See, e.g., Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)"); Donovan v. Am. Skandia Life Assur. Corp., 217 F.R.D. 325, 325 (S.D.N.Y. 2003) ("Where a proposed amended complaint cannot itself survive a motion to dismiss, leave to amend would be futile and may clearly be denied").

Detective Magliano testified at his own deposition that he acted on his own accord to stop and question plaintiff and therefore Sgt. Fradera could not be held liable for any unlawful stop and search of plaintiff.[1] Here it is undisputed that plaintiff was arrested based on observations made by Detective Neil Magliano, who conveyed that information to arresting

---

[1] Plaintiff has not provided defendants with copies of the transcripts of defendants' depositions.

5

officer Brian Taylor. District Attorney of the County of New York, Declination of Prosecution, dated June 2, 2015 Johnson Decl., Exhibit "B" at Bates No. DEF000005. Therefore, even assuming *arguendo* that Sgt. Fradera was present at the scene, he has no personal involvement in plaintiff's stop or arrest. "[A]s a prerequisite to all claims brought under Section 1983, the plaintiff must show that the defendant had personal involvement in the alleged constitutional deprivation. "Personal involvement may be established by a showing of direct participation, meaning 'personal participation by one who has knowledge of the facts that rendered the conduct illegal,' or indirect participation 'such as ordering or helping others to do the unlawful acts.' Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)." McNeill v. Jordan, 2017 U.S. Dist. LEXIS 107280, *11, 2017 WL 2955763 (E.D.N.Y. July 10, 2017). Plainitff has offered no evidence to suggest that Sgt. Fradera had personal knowledge of the facts at issue in this case or that he ordered the arrest of plaintiff.

Finally, Detective Taylor testified at his deposition that he forwarded information to prosecutors in this matter and the prosecutors declined to prosecute plaintiff. Therefore there cannot be any malicious prosecution claim against any of the defendants as well as Sgt. Fradera as the District Attorney for New York County never prosecuted plaintiff and plaintiff never had to appear in Court. Thus plaintiff "could not suffer any post-arraignment seizure as required to support a § 1983 malicious prosecution claim." Biswas v. City of New York, 973 F. Supp. 2d 504, 527 (S.D.N.Y. 2012). Plaintiff's denial of a fair trial claim must also fail for the same reasons. To establish a fair trial claim, a plaintiff must show that "an (1) investigating official (2)

6

fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." Jovanovic v. City of New York, 486 F. App'x 149, 152 (2d Cir. 2012). As plaintiff was never arraigned in this matter, he plainly could not suffer any post-arraignment deprivation of liberty.

Plaintiff's failure to intervene claim against Sgt. Fradera must fail because plaintiff states that defendant Fradera questioned and arrested plaintiff without probable cause yet also failed to intervene. There can be no claim for failure to intervene if the officer participated in the constitutional violation, as plaintiff alleges in his Third Amended Complaint. Morgan v. County of Nassau, 720 F. Supp. 2d 229, 240 (E.D.N.Y. 2010) (No claim for failure to intervene where plaintiff alleges defendant participated in the constitutional violation). Therefore, plaintiff's motion to amend the Complaint must fail as it is futile.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Detective Brian Taylor, Detective Neil Magliano, Police Officer Sean Noce, Detective Justin Parris and Detective Domingo Ayala respectfully request that the Court deny plaintiff's motion to amend this Complaint to add Sgt. Wesley Fradera as a defendant, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          August 11, 2017

7

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York,
Taylor, Magiliano, Noce, Parris and Ayala*
100 Church Street
New York, New York 10007
(212) 356-2409

By: _____
      Paul H. Johnson
      *Assistant Corporation Counsel*
      Special Federal Litigation Division

Cc:    Gabriel Harvis, Esq. (via ECF)
        Law Offices of Harvis & Fett
        Attorneys for Plaintiff
        305 Broadway
        New York, NY 10007