UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

JONATHAN HARRIS,

                     Plaintiff,

            -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                     Defendants.

-------------------------------------------------------------- x

**JOINT PRE-TRIAL ORDER**

15 CV 8456 (CM)

## I. NATURE OF THE CASE

This is a civil rights action alleging unlawful stop and search, false arrest, denial of the right to a fair trial, failure to intervene, supervisory liability and municipal liability pursuant to 42 U.S.C. § 1983.  Mr. Harris seeks compensatory and punitive damages, along with attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

## II. JURY/NON-JURY

A jury is claimed.  The trial is estimated to last 2-3 days.

## III. STIPULATED FACTS

The parties have not entered into any stipulations.

## IV. PARTIES' CONTENTIONS

### Plaintiff's Contentions

1. At approximately 11:00 p.m. on May 7, 2015, Jonathan Harris was visiting with a friend who lived in the vicinity of 217 West 63rd Street in Manhattan. *See* Deposition of Jonathan Harris ("Plaintiff Dep."), May 18, 2016, p. 41, ln. 14; *see also* Exhibit PX-1, NYPD Omniform Arrest Report ("Arrest Report"), dated May 7, 2015.

2. Mr. Harris was in front of his friend's building when he observed police officers on the scene. *See* Plaintiff Dep., p. 41, ln. 14-18; p. 46, ln. 9-14.

3. Police officers approached Mr. Harris and ask him his name and for his identification. Mr. Harris complied and provided the officers with identification. *Id.* at p. 48, ln. 2-10.

4. The officers began searching Mr. Harris, even though they lacked reasonable suspicion to do so. *Id.* at p. 48, ln. 14-22.

5. When the search of Mr. Harris revealed no contraband, one of the officers walked approximately twelve to fifteen feet away and picked up a jacket; it was obvious that the jacket did not belong to Mr. Harris. Nevertheless, the officer told

Mr. Harris that there was a knife in the jacket and the officer was going to charge Mr. Harris with possessing it. *Id.* at p. 49, ln. 4 through p. 50, ln. 2.

6. Mr. Harris truthfully explained that neither the jacket nor the knife belonged to him, but the officers handcuffed him anyway and brought him to a police precinct, where he was locked in a cell for approximately two hours. *Id.* p. 50, ln. 2; p. 51, ln. 9-12; p. 56, ln. 3-10.

7. Mr. Harris was then issued a desk appearance ticket and released. *Id.* at p. 57, ln. 8; *See also* Exhibit PX-4, Desk Appearance Ticket ("DAT").

8. Detective Taylor forwarded a false arrest report to an employee at the New York County District Attorney's office. *Id.* at p. 45, ln. 2-9; *see also* Exhibit PX-4, DAT.

9. The New York County District Attorney's office declined to prosecute the case because the type of knife that plaintiff was alleged to have possessed is not illegal. *See* Exhibit PX-3, District Attorney of the County of New York, Declination of Prosecution Affidavit.

10. The violation of plaintiff's rights was authorized by supervising defendant Sergeant Fradera. *See* Exhibit PX-1, Arrest Report (identifying Sgt. Fradera as the "Supervisor Approving" the arrest.)

11. The municipality's failure to train the police officers and supervisors involved in the arrest of plaintiff was a moving force behind the plaintiff's constitutional violations. *Harris v. City of New York*, 222 F.Supp.3d 341, 351-53 (S.D.N.Y. 2016).

<u>Defendants' Contentions</u>

    A. Detective Neil Magliano and Detective Brian Taylor answered a radio run to investigate a 911 call stating that a black male, approximately 5 feet 8 inches tall, wearing a black hoody and black sweatpants was in a park behind the Amsterdam Houses with a gun in his waistband. Sprint Report, New York City Police Department for May 7, 2015 at Bates Stamp Nos. DEF000084 through DEF000085.

    B. When Detective Neil Magliano arrived at the location he approached plaintiff because he appeared to match the description of the individual believed to be carrying a weapon. Deposition of Neil Magliano ("Magliano Dep."), taken on July 27, 2017 at 40:7-12.

    C. As Detective Magliano approached plaintiff, Detective Magliano sees plaintiff toss a jacket to the ground. Magliano Dep. at 40:19-21.

    D. After plaintiff threw down the jacket, Detective Magliano approached plaintiff to question him. Magliano Dep. at 36:7-9.

E. Sgt. Sean Noce picked up the jacket and found a scalpel inside the jacket. Magliano Dep. at 45:6-9. Deposition of Sean Noce ("Noce Dep."), taken on July 18, 2017 at 41:13-22.

J. Plaintiff told Detective Magliano he kept the scalpel for protection as he was being transported to the 20th Precinct. Magliano Dep. at 61:19-22:62:16-17.

K. Detective Magliano called the field intelligence officer working at the 40th precinct and informed them he had plaintiff in custody. Harris Dep. "B' at 51:11-12. Magliano Dep. at 35:2-5.

L. The Field intelligence officer told Magliano that plaintiff was a member of the 18 Park Gang. Magliano Dep. at 109:11-16.

M. Detective Magliano knew plaintiff went by the nickname "Eggy." Magliano Dep. at 39:10-12.

N. Detective Taylor relied on the observations of Detective Magliano to determine that plaintiff possessed a dangerous weapon. Taylor Dep. at 17:18-21.

## V. ISSUES TO BE TRIED

1. Whether the stop and search of plaintiff were supported by reasonable suspicion.

2.      Whether the arrest of plaintiff was supported by probable cause.

3.      Whether defendants created false evidence against plaintiff and forwarded it to prosecutors.

4.      Whether the defendants failed to intervene in the violation of plaintiff's rights.

5.      Whether defendant Fradera failed to adequately supervise the defendants.

6.      Whether the customs, policies and practices of the municipality were a moving force behind plaintiff's constitutional deprivation.

### Defendants' Defenses

a.      There was probable cause for plaintiff's arrest, detention and prosecution.

b.      Defendants did not violate any rights, privileges or immunities under the Constitution of the laws of the United States, or the State of New York, or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

c.      Defendants did not violate clearly established statutory or constitutional rights of which a reasonable person would have known and are therefore protected by qualified immunity.

d.      The Individual Defendants acted reasonably in the proper and lawful exercise of their discretion.

## VI. PLAINTIFF'S EXHIBITS

| Ex. No. | Bates Nos. | Description |
|---|---|---|
| PX-1 | DEF1-3 | NYPD Omniform Arrest Report, dated May 7, 2015 |
| PX-2 | DEF4 | NYPD OLPA Form, dated May 7, 2015 |
| PX-3 | DEF5 | District Attorney, County of New York – Decline to Prosecute Memorandum |
| PX-4 | DEF6 | NYPD Desk Appearance Ticket |
| PX-5 | DEF7-9 | Memo Book – Defendant Brian Taylor |
| PX-6 | DEF10 | NYPD Prisoner Movement Slip |
| PX-7 | DEF43 | NYPD Property Clerk's Invoice |
| PX-8 | DEF44-46 | Memo Book – Defendant Noce |
| PX-9 | DEF84-86 | Sprint Report |
| PX-10 | DEF420-26 | 20th Precinct Command Log for May 7, 2015 |
| PX-11 | DEF427-29 | Memo Book – Defendant Magliano |
| PX-12 | DEF430 | Letter from NYS Unified Court System, dated 12/17/15 |
| PX-13 | DEF437 | Desk Appearance Ticket Investigation |
| PX-14 | DEF591 | NYPD Prisoner Holding Pen Roster |
| PX-15 | DEF677-84 | *Mapp/Huntley/Dunaway* hearing transcript, *People v. Curtis Fleetwood*, Ind. No. 1215-15, March 28 and 30, 2016, (Det. Magliano incredible) |
| PX-16 | DEF685-708 | Decision and Order in Suppression Hearing, Honorable Juan M. Merchan, *People v. Curtis Fleetwood* |

| | | |
|---|---|---|
| PX-17 | P1-P2 | Declined to Prosecute Letter from District Attorney, County of New York, dated June 29, 2015 |
| PX-18 | | Memo Book – Defendant Parris |
| PX-19 | DEF769-770 | Memo Book – Defendant Fradera |
| PX-20 | | Photograph(s) of knife |
| PX-21 | | Alamanac regarding weather conditions on May 7, 2105 |
| PX-22 | | Photograph(s) of location of arrest |
| PX-23 | | Map of area of arrest |
| PX-24 | | Map of location of arrest |

Defendant respectfully reserves the right to use at trial any exhibits listed by the plaintiff, and to use deposition testimony for impeachment.

Plaintiff respectfully reserves the right to use at trial any exhibits offered by defendants, to enter into evidence any party deposition testimony pursuant to Rule 30 and to use all deposition transcripts and exhibits for impeachment purposes.

## VII. DEFENDANTS' EXHIBITS

| VII. | | |
|---|---|---|
| Exhibit Letter | Exhibit Description | Bates Stamp |
| A | Knife as attached to New York City Police Department Property Clerk Voucher No. 1000641373 | Bates Stamp No. DEF000043 |

8

| B | Relevant Sprint Report for May 5, 2015 | Bates stamp Nos. DEF000094 through DEF000086 |

## VIII. STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

1.  Defendants object to plaintiff's exhibits PX-2-3, PX-5-6, PX-8, PX-10-11, PX-13-14 for relevance pursuant to Fed. R. Evid 402, 403 and 802. Defendants object to plaintiff's exhibits PX-12, PX-15-16 as hearsay and prejudice pursuant to Fed. R. Evid. 407, 403 and 802. Defendants have no objections to plaintiff's exhibit PX-1,PX-4,PX-7,PX-9 provided he lays the proper foundation.

2.  Plaintiff does not object to defendants' exhibits A and B. Plaintiff has requested that defendants stipulate to the admissibility of PX-9, the District Attorney's Declination of Prosecution Memorandum produced by the defense. Defendants have declined without stating a reason and plaintiff has thus added the ADA witness to his witness list below.

## IX. PLAINTIFF'S WITNESS LIST[1]

1.  Jonathan Harris

2.  Brian Taylor

3.  Neil Magliano

4.  Sean Noce

---

[1] Defendants reserve the right to call any of plaintiff's witnesses.

5.   Justin Parris

6.   Wesley Fradera

7.   ADA Laura Gourdine (or designated witness from the Office of the District Attorney, New York County)

## X. DEFENDANTS' WITNESS LIST

1.   Plaintiff Jonathan Harris

2.   Defendant Detective Neil Magliano

3.   Defendant Detective Brian Taylor

4.   Defendant Sean Noce

## XI. RELIEF SOUGHT

1.   Compensatory Damages (all claims)

2.   Punitive Damages (all claims, except *Monell*)

3.   Reasonable attorneys' fees and costs (all claims)

**Defendants' Response:**

Compensatory damages including Plaintiff's loss of liberty is not susceptible to a mathematical calculation. Defendant further objects as plaintiff has not offered any evidence of damages. Defendant objects to any award of punitive damages.

Dated: August 30, 2017

                                                                           _____
                                                                                 U.S.D.J.

HARVIS & FETT LLP
*Attorneys for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880

By:   /s/  _____
       Gabriel P. Harvis

ZACHARY W. CARTER
*Attorney for Defendants*
City of New York
100 Church Street
New York, New York 10007
(212) 356-2656

By:_____/s/_____
       Paul H. Johnson