UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JONATHAN HARRIS,

                Plaintiff,

        -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                Defendants.

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

15 CV 8456 (CM)

-------------------------------------------------------------x

        Plaintiff Jonathan Harris respectfully submits the following Proposed Jury Instructions.

Dated:    August 30, 2017
            New York, New York

                                      HARVIS & FETT LLP

                                         /s/
                                      _____
                                      Gabriel P. Harvis
                                      305 Broadway, 14th Floor
                                      New York, New York 10007
                                      (212) 323-6880
                                      gharvis@civilrights.nyc

                                      *Attorneys for plaintiff*

Proposed Jury Instruction No. 1
ESSENTIAL ELEMENTS OF PLAINTIFF'S § 1983 CLAIM

In order to prove his claim under 42 U.S.C. § 1983 against a defendant, the burden is on plaintiff to establish by a preponderance of the evidence each of the following elements for that defendant:

First: That the defendants acted under the color of the authority of the State of New York.

Second: That the defendants performed acts that operated to deprive plaintiff of one or more of his federal constitutional rights, as defined and explained in these instructions.

Third: That the defendants' acts were the proximate cause of damages sustained by the plaintiff.

Source: (adapted from) O'Malley, *Federal Jury Practice and Instructions* § 165.20.

Proposed Jury Instruction No. 2
FIRST ELEMENT: ACTING UNDER COLOR OF STATE LAW

In this case, the plaintiff and defendants have agreed that both defendants acted under color of state law with respect to plaintiff's claims, and you should, therefore, accept this first element as proven as to each defendant.

## Proposed Jury Instruction No. 3
## SECOND ELEMENT: DEPRIVATION OF A FEDERAL CONSTITUTIONAL RIGHT

The second element of plaintiff's claim is that he was deprived of a federal constitutional right by one or all of the defendants. Mr. Harris claims that the defendants subjected him to:

First, an unlawful stop and search of his person in violation of his Fourth Amendment rights.

Second, a false arrest in violation of his Fourth Amendment rights.

Third, a denial of his right to a fair trial in violation of his Fifth, Sixth and Fourteenth Amendment rights.

Fourth, a failure to intervene in violation of his Fourth Amendment rights.

I will instruct you in detail as to what Mr. Harris must show to establish each of the claimed violations of his constitutional rights. If you find that Mr. Harris meets those requirements as to any one or more of the claimed violations of his constitutional rights, you must find in Mr. Harris's favor and award him any damages that were proximately caused by those violations.

Mr. Harris need not show that any defendant intended to deprive him of his constitutional rights. The fact that any defendant had no specific intent or purpose to deprive Mr. Harris of his constitutional rights will not absolve them from liability if the defendant did in fact deprive Mr. Harris of those rights, so long as defendants' acts themselves were intentional rather than accidental.

Source: *Hudson v. City of New York*, 271 F.3d 62, 68-69 (2d Cir. 2001) (holding that specific intent is not an element of a § 1983 claim).

-3-

## Proposed Jury Instruction No. 4
## SECOND ELEMENT: DEPRIVATION OF A FEDERAL CONSTITUTIONAL RIGHT

### Unlawful Stop and Search

Mr. Harris claims that he was unlawfully stopped. In order to stop a person, a police officer must have reasonable suspicion that criminal activity may be afoot. An officer has reasonable suspicion if he can point to specific and articulable facts that, together with rational inferences drawn from those facts, reasonably suggest that criminal activity has occurred or is imminent.

If you find that the individual defendants did not have reasonable suspicion that Mr. Harris was engaged in criminal activity, you must find that Mr. Harris was unlawfully stopped.

Source: *United States v. Simmons,* 560 F.3d 98, 103 (2d Cir. 2009); *United States v. McCargo,* 464 F.3d 192, 197 (2d Cir. 2006).

Proposed Jury Instruction No. 5
SECOND ELEMENT: DEPRIVATION OF A FEDERAL CONSTITUTIONAL RIGHT

False Arrest

Mr. Harris alleges a claim of false arrest against all defendants. Under the United States Constitution, no person may be arrested without probable cause for such an arrest. This means that the police officers who made the arrest must collectively have information at the time of the arrest that would lead a reasonable person who possesses the same official expertise as the officers to conclude that the person being arrested has committed or is about to commit a crime.

Because the existence of probable cause is analyzed from the perspective of a reasonable person standing in the officers' shoes, the actual subjective beliefs of the officers is irrelevant to the determination of probable cause.

In determining whether the defendants in this case had probable cause to arrest Mr. Harris, you may consider the collective knowledge and observations of all defendants, but only to the extent that that knowledge or those observations were communicated to the other defendants at the time.

An arrest conducted without an arrest warrant is presumptively unlawful. Therefore, it is the defendants' burden to show by a preponderance of the evidence that they had probable cause to believe that Mr. Harris had committed or was about to commit a crime at the time that they arrested him.

Under the New York Penal Law, § 265.01(1),

A person is guilty of criminal possession of a weapon in the fourth degree when, he possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife, pilum ballistic knife, metal knuckle knife, cane sword, billy, blackjack, bludgeon, plastic knuckles, metal knuckles, chukka stick, sand bag, sandclub, wrist-brace type slingshot or slungshot, shirken or "Kung Fu star."

If you find that the defendants have failed to show by a preponderance of the evidence that they had probable cause to arrest Mr. Harris for the aforementioned crime, you must find in Mr. Harris's favor and award him any damages that were proximately caused by defendants' false arrest of Mr. Harris.

You must award compensatory damages if you find that plaintiff was subjected to a false arrest.

Source: (first paragraph adapted from) Sand, *Modern Federal Jury Instructions*, Instruction 87-74A; *Whren v. United States*, 517 U.S. 806, 813 (1996) (subjective intentions irrelevant to probable cause analysis); *United States v. Cruz*, 834 F.2d 47, 51 (2d Cir. 1987) (collective knowledge of officers); *Raysor v. Port Auth. of N.Y. & N.J.*, 768 F.2d 34, 39-40 (2d Cir. 1985) (burden of proof); *Amore v. City of Ithaca*, 2008 U.S. Dist. LEXIS 26035 (N.D.N.Y Mar. 28, 2008) (burden of proof); *Kerman v. City of New York*, 374 F.3d 93, 124 (2d Cir. 2004)(entitlement to compensatory damages); N.Y. Penal Law § 265.01.

Proposed Jury Instruction No. 6
## SECOND ELEMENT: DEPRIVATION OF A FEDERAL CONSTITUTIONAL RIGHT

### Constitutional Right to a Fair Trial

I will now instruct you on the law regarding plaintiff's Fair Trial Claim. Under the Constitution, every person has a right not to be prosecuted on the basis of evidence that is fabricated and/or altered by government officials. The government's fabrication and/or alteration of evidence violates the Constitution if such evidence is used during criminal proceedings, and results in a deprivation of liberty to the plaintiff. Thus, a person suffers a Constitutional violation if (1) an investigating official; (2) fabricates evidence; (3) that is likely to influence a jury's decision; (4) provides that information to prosecutors and/or to a Grand Jury; and (5) the plaintiff suffers a deprivation of liberty as a result. *Jovanovic v. City of New York*, 2012 WL 2331171 (2d Cir. June 20, 2012). Probable cause is not a defense to this claim. (*Id*).

The question before you on this claim is whether the plaintiff has proven that the defendants created false evidence and provided that evidence to prosecutors which deprived plaintiff of his constitutionally protected liberty. If you believe that the defendants fabricated and/or altered evidence – in this case, arrest paperwork – and that such falsified evidence was forwarded to a prosecutor's office, then you must find for plaintiff. If, however, you find that a defendant presented accurate evidence to the prosecutor then you must find for the defendants.

With respect to showing a deprivation of liberty, I instruct you that, as a matter of law, Plaintiff Jonathan Harris has suffered a deprivation of liberty as a result of the arrest. Specifically, he was arrested and imprisoned for several hours. These facts establish, as a matter of law, that plaintiff suffered a deprivation of liberty, and you need not consider this issue during your deliberations.

## Proposed Jury Instruction No. 7
## THIRD ELEMENT: PROXIMATE CAUSE—GENERALLY

      The third element which plaintiff must prove is that the defendants' acts were a proximate cause of injuries sustained by the plaintiff. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of the defendants' act.

Source: Sand, *Modern Federal Jury Instructions*, Instruction 87-79.

Proposed Jury Instruction No. 8
PERSONAL INVOLVEMENT OF EACH DEFENDANT

  A plaintiff seeking to recover damages for an alleged constitutional deprivation must show personal involvement on the part of each defendant. To establish that a defendant was personally involved, it is not necessary for plaintiff to establish that the defendant was the ultimate decision maker. A defendant may be held liable if he, with knowledge of the illegality, participates in bringing about a violation of the plaintiff's rights but does so in a manner that is indirect such as ordering or helping others to do the unlawful acts.

Source: *Provost v. City of Newburgh*, 262 F.3d 146, 154 (2d Cir. 2001).

Proposed Jury Instruction No. 9
SUPERVISORY LIABILITY OF SERGEANT FRADERA

     A plaintiff seeking to recover damages for an alleged constitutional deprivation against a supervising defendant must show that the supervisor was personally involved. Evidence that may be shown to establish that a supervising defendant was personally involved is that: (1) the defendant participated directly in the alleged constitutional violation; (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom; (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) the defendant exhibited deliberate indifference to the rights of plaintiff by failing to act on information indicating that unconstitutional acts were occurring.

Source: *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) quoting *Williams v. Smith*, 781, F.2d 319, 323-24 (2d Cir. 1986).

## Proposed Jury Instruction No. 10
## FAILURE TO INTERVENE

All law enforcement officials have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officials in their presence. I instruct you that an officer or supervisor who fails to intercede is liable for the preventable harm caused by the actions of another officer if that officer either observes or has reason to know that a constitutional violation has occurred or is occurring. However, before an officer or supervisor can be held liable for failure to intervene, you must find that the officer or supervisor had a realistic opportunity to prevent the harm from occurring, that is, that he had sufficient time to intercede and a capability to prevent the harm.

Thus, before you can hold a defendant liable, you must conclude that the following elements have been met:

<u>First</u>: that a defendant subjected plaintiff to an unlawful act;

<u>Second</u>: that another defendant observed those actions and knew they were unlawful;

<u>Third</u>: that the observing defendant had a realistic opportunity to intervene, as I have just described that phrase; and

<u>Fourth</u>: that the defendant failed to take reasonable steps to prevent the violations of the plaintiff's constitutional rights.

Source: Martin A. Schwartz & Judge George C. Pratt, *Section 1983 Litigation Jury Instructions*, Instruction 7.02.2; *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988) (law enforcement officers have an affirmative duty to intervene to protect the constitutional rights of citizens from infringement from other law enforcement personnel in their presence).

## Proposed Jury Instruction No. 11
## MUNICIPAL LIABILITY

To sustain a claim for municipal liability under, plaintiff must adduce evidence that the violation or violations of his constitutional rights resulted from a municipal policy, custom, or practice, as required to hold the City liable. In other words, there must be a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation. To establish a municipal policy or custom, a plaintiff must prove one of the following:

(1) a formal policy officially endorsed by the municipality; (2) actions taken by the government officials responsible for establishing municipal policies related to the particular deprivation in question; (3) a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) a failure by policy makers to train or supervise subordinates.

Here, the plaintiff states that the City is "responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants." If you find that plaintiff has proven that a policy, practice or custom of the City of New York contributed to the violation of his constitutional rights, you should find in plaintiff's favor on this claim.

Source: *Harris v. City of New York*, 222 F.Supp.3d 341, 351-53 (S.D.N.Y. 2016); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (*quoting City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (direct causal link); *Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404,439 (S.D.N.Y. 2013); *Vasconcellos v. City of N.Y.*, No. 12-cv-8445, 2014 WL 4961441, at *11 (S.D.N.Y. Oct. 2, 2014) (*quoting Harper v. City of NY.*, No. l l-cv-4333, 2013 WL 432599, at *4 (S.D.N.Y. Jan. 31, 2013); Third Amended Complaint.

## Proposed Jury Instruction No. 12
## COMPENSATORY DAMAGES

If Mr. Harris has proved all the elements as to any of his claims, then you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he has actually sustained as a proximate result of the misconduct of the defendants.

You shall award actual damages only for those injuries which you find that Mr. Harris has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven to have been the proximate result of conduct by a defendant in violation of applicable law. That is, you may not simply award actual damages for any injury suffered by Mr. Harris—you must award actual damages only for those injuries that are a proximate result of conduct by a defendant that violated Mr. Harris' rights under federal or state law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

Source: (adapted from) Sand, *Modern Federal Jury Instructions*, Instruction 87-87.

-13-

## Proposed Jury Instruction No. 13
## NOMINAL DAMAGES

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar, evidencing that liability has been proved. Nominal damages are awarded as recognition that the plaintiff's rights have been violated. You would award nominal damages if you conclude that the only injury that a plaintiff suffered was the deprivation of his constitutional rights, without any resulting physical, emotional or financial damages.

If you find that Mr. Harris was falsely arrested, you must award him compensatory damages and you cannot award him nominal damages on that claim.

Source: (adapted from) Sand, *Modern Federal Jury Instructions*, Instructions 87-88; 77-6.

## Proposed Jury Instruction No. 14
## PUNITIVE DAMAGES

Whether or not you award the plaintiff actual damages, you may also, in your discretion, make an award of punitive damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, and to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's rights or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other

persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

Source: Sand, *Modern Federal Jury Instructions*, Instruction 87-92.