15 CV 8456 (CM) (RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN HARRIS,

                                Plaintiff,

                -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                                Defendants.

**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT**

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-208*
*New York, New York 10007*
*Of Counsel: Paul H. Johnson*
*Tel: (212) 356-2656*

# Table of Contents

PRELIMINARY STATEMENT ............................................................................... 1

STANDARD OF REVIEW ..................................................................................... 4

POINT I DEFENDANTS HAD REASONABLE SUSPICION TO STOP AND DETAIN PLAINTIFF.................................................................................................................. 5

POINT II PLAINTIFF HAS NO FALSE ARREST CLAIM AGAINST DEFENDANTS TAYLOR, FRADERA AND NOCE ........................................................................... 7

POINT IV DEFENDANT MAGLIANO IS ENTITLED TO QUALIFIED IMMUNITY ............ 8

POINT V PLAINTIFF'S DENIAL OF A RIGHT TO A FAIR TRIAL CLAIM MUST FAIL . 11

POINT VI PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST FAIL ................... 12

POINT VII PLAINTIFF MAKES NO CLAIM AGAINST THE CITY OF NEW YORK ........ 13

CONCLUSION .................................................................................................. 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Ashcroft v. al-Kidd,
    563 U. S. 731 (2011)...................................................................................................11

Connecticut ex rel. Blumenthal v. Crotty,
    346 F.3d 84 (2d Cir. 2003).............................................................................................10

Bradway v. Gonzales,
    26 F.3d 313 (2d Cir. 1994).........................................................................................9, 10

Celotex Corp. v. Catrett,
    477 U.S. 317 (1986).........................................................................................................5

Cifarelli v. Village of Babylon,
    93 F.3d 47 (2d Cir. 1996).................................................................................................4

Dwares v. City of New York,
    985 F.2d 94 (2d Cir. 1993).............................................................................................13

Escalera v. Lunn,
    361 F.3d 737 (2d Cir. 2004).......................................................................................9, 10

Gabai v. Jacoby,
    800 F. Supp. 1149 (S.D.N.Y. Aug. 6, 1992)....................................................................5

Hunter v. Bryant,
    502 U.S. 224 (1991) (per curiam)..................................................................................10

Isaac v. City of New York,
    701 F. Supp. 2d 477 (S.D.N.Y. 2010).............................................................................5

Jermosen v. Coughlin,
    877 F. Supp. 864 (S.D.N.Y. Mar. 3, 1995).....................................................................5

Jovanovic v. City of New York,
    486 Fed. Appx. 149 (2d Cir. 2012)................................................................................11

Kinsella v. Rumsfeld,
    320 F.3d 309 (2d Cir. 2003).............................................................................................4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
    475 U.S. 574 (1986).........................................................................................................5

Minnesota v. Carter,
    525 U.S. 83 (1998)..................................................................................................................6

Mittelman v. Cnty. of Rockland,
    2013 U.S. Dist. LEXIS 46382 (S.D.N.Y. Mar. 26, 2013) ........................................................6

Monell v. Dep't of Social Services,
    436 U.S. 658 (1978)................................................................................................................13

Morgan v. County of Nassau,
    720 F. Supp. 2d 229 (E.D.N.Y. 2010) ....................................................................................12

Oklahoma City v. Tuttle,
    471 U.S. 808 (1985)................................................................................................................13

Pearson v. Callahan,
    555 U. S. 223 (2009)................................................................................................................9

Provost v. City of Newburgh,
    262 F.3d 146 (2d Cir. 2001).....................................................................................................7

Russo v. DiMilia,
    894 F. Supp. 2d 391 (S.D.N.Y. 2012).....................................................................................12

Sanabria v. Tezlof,
    2016 U.S. Dist. LEXIS 107104 (S.D.N.Y. Aug. 12, 2016) ....................................................12

Simon v City of New York,
    No. 09.......................................................................................................................................12

Stephenson v. John Doe, Detective,
    332 F.3d 68 (2d Cir. 2003).......................................................................................................9

Terry v. Ohio,
    392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968) ...............................................................6

United States v. Colon,
    250 F.3d 130 (2d Cir. 2011).....................................................................................................8

United States v. Fields,
    113 F.3d 313 (2d Cir. 1997).....................................................................................................6

United States v. Morillo,
    2012 U.S. Dist. LEXIS 62590 (S.D.N.Y. May 2, 2012) ..........................................................6

Wong v. Yoo,
    649 F. Supp. 2d 34 (E.D.N.Y. 2009) ........................................................................................7

Wright v. Smith,
    21 F.3d 496 (2d Cir. 1994)..............................................................................................7

**Statutes**

42 U.S.C. § 1983..............................................................................................................2, 7, 13

**Other Authorities**

FED. R. CIV. P. 56..................................................................................................................1,2,4

Local Civil Rule 56.1................................................................................................................3

U.S. Const. Amend. IV.............................................................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JONATHAN HARRIS,

                               Plaintiff,

           -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                               Defendants.

-------------------------------------------------------------------X

15 CV 8456 (CM) (RLE)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

       Defendants the City of New York, Detective Brian Taylor, Detective Neil Magliano, Sergeant Sean Noce, Detective Justin Parris and Sergeant Wesley Fradera, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in support of their motion for summary judgment pursuant to FED. R. CIV. P. 56(c).[1]

### PRELIMINARY STATEMENT

       Jonathan Harris, plaintiff, brings this action alleging various violations of his federal constitutional rights. In his Third Amended Complaint dated August 16, 2017 (Amended

---

[1] Sgt. Fradera was added to this action on August 16, 2017 and was served on August 22, 2017 and thus this motion also serves as Sgt. Fradera's answer to the Third Amended Complaint.

1

Complaint ("Am. Cmpl."), annexed to the Declaration of Paul H. Johnson dated August 28, 2017 ("Johnson Decl."), Exhibit "A"), plaintiff alleges federal claims under 42 U.S.C. § 1983 for unlawful stop and search, false arrest, denial of a constitutional right to a fair trial and failure to intervene.[2] Defendants now move for summary judgment pursuant to FED. R. CIV. P. 56 on plaintiff's 42 U.S.C. § 1983 claims for unlawful search and seizure, false arrest, denial of a right to a fair trial and failure to intervene claim. Plaintiff makes no claim against defendant City of New York and thus the City of New York should be dismissed as a defendant.

First, plaintiff's unlawful stop and search claim must fail because there was there was reasonable suspicion to stop and detain plaintiff. Plaintiff's false arrest claim against defendants Taylor, Parris, Noce and Fradera must fail because they had no personal involvement in plaintiff's arrest. Plaintiff's false arrest claim against defendant Magliano must fail because he had at least arguable probable cause to arrest plaintiff. Plaintiff's failure to intervene claim must fail against defendants Noce, Parris, Taylor and Fradera as they did not witness the conduct that led to plaintiff's arrest and therefore did not have a reasonable opportunity to intervene. Plaintiff's failure to intervene claim against defendant Magliano must fail as defendant Magliano cannot fail to intervene in his own conduct. Plaintiff's denial of a fair trial claim must fail because plaintiff was never arraigned and therefore suffered no post-arraignment deprivation of liberty. Plaintiff makes no valid claim against the City of New York and thus the City should be dismissed as a defendant.

## STATEMENT OF FACTS

At approximately 11:36 p.m. on May 7, 2015, defendants Detective Brian Taylor, Detective Neil Magliano and Sergeant Sean Noce were called to a park in the vicinity of West

2

64th Street and West End Avenue in New York, New York to investigate a 911 call stating that a black male, approximately 5 feet 8 inches tall, wearing a "black hoody" and "black pants" was in a park behind the Amsterdam Houses with a gun in his waistband. Defendant's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, dated August 30, 2017 ("Defs' 56.1") at ¶ 1.

Plaintiff admits that on the evening of May 7, 2017 he was inside the park located behind the Amsterdam Houses. Defs' 56.1 at ¶ 2. Plaintiff's arrest report stated plaintiff is African American and was wearing black sweatpants and a black jogging jacket and lists his height as 5 feet 9 inches tall. Defs' 56.1 at ¶ 3. At approximately 11:55 p.m. plaintiff was in the park the vicinity of 217 West 63rd Street when he was approached by a police officer. Defs' 56.1 at ¶ 4. Detective Neil Magliano approached plaintiff because he appeared to match the description of the individual believed to be carrying a weapon. Defs' 56.1 at ¶ 5. As Detective Magliano approached plaintiff he saw an individual drop a jacket onto the ground which he believed belonged to plaintiff. Defs' 56.1 at ¶ 6. Plaintiff admits a police officer told him the jacket he recovered he believed to belonged to plaintiff. Defs' 56.1 at ¶ 7.

Sgt. Sean Noce picked up the jacket and found a scalpel inside the jacket. Defs' 56.1 at ¶ 8. Plaintiff denied that the jacket belonged to him. Defs' 56.1 at ¶ 9. The police officer then placed plaintiff in handcuffs. Defs' 56.1 at ¶ 10. Detective Magliano recalls plaintiff informing him while being transported to the precinct that he kept the scalpel for protection. Defs' 56.1 at ¶ 11. Detective Brian Taylor arrested plaintiff for possession of a dangerous cutting instrument based on the observations of Detective Magliano. Defs' 56.1 at ¶ 12. Detective Taylor

relied on the observations of Detective Magliano to determine that plaintiff possessed a dangerous weapon. Defs' 56.1 at ¶ 13.

Detective Taylor did not observe plaintiff's arrest. Defs' 56.1 at ¶ 14. Detective Justin Parris has no personal knowledge about the arrest of Jonathan Harris and did not observe his arrest. Defs' 56.1 at ¶ 15. Sgt. Wesley Fradera did not observe plaintiff's arrest and has no personal knowledge about the arrest of Jonathan Harris. Defs' 56.1 at ¶ 16. Detective Justin Parris did not interact with plaintiff and has no personal knowledge about the arrest of Jonathan Harris. Defs' 56.1 at ¶ 17. Detective Taylor issued plaintiff a desk appearance ticket for criminal possession of a weapon with a court date of court date of June 29, 2015. Defs' 56.1 at ¶ 18. The District Attorney for New York County declined to prosecute plaintiff on June 2, 2015. Defs' 56.1 at ¶ 19. The case against plaintiff was dropped before his arraignment. Defs' 56.1 at ¶ 20.

## STANDARD OF REVIEW

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can be resolved as a matter of law. A court must grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-movant, presents no genuine issue of material fact. Id.; Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996). A material fact is one that might affect the outcome of a suit under governing law. Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no

'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In a motion for summary judgment, the moving party can show that no genuine issue of material fact exists by "setting forth specific facts denying [plaintiff's] claims." Jermosen v. Coughlin, 877 F. Supp. 864, 867 (S.D.N.Y. Mar. 3, 1995) (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)). The moving party may also prevail "by pointing out that there is an absence of evidence to support the non-moving party's case." Jermosen, 877 F. Supp. at 867 (quoting Gabai v. Jacoby, 800 F. Supp. 1149, 1153 (S.D.N.Y. Aug. 6, 1992)). In order to avoid summary judgment, the non-moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial and not merely allegations or denials. Isaac v. City of New York, 701 F. Supp. 2d 477, 485 (S.D.N.Y. 2010). Evidence which is merely "colorable, conclusory, speculative or not significantly probative" is insufficient to withstand a summary judgment motion. Gabai v. Jacoby, 800 F. Supp. 1149, 1153 (S.D.N.Y.1992). A motion for summary judgment, therefore, requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of an element essential to that party's case . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In this case, summary judgment should be granted in favor of defendants because there are no issues of material fact to warrant a trial on plaintiff's claims

## ARGUMENT

### POINT I

**DEFENDANTS HAD REASONABLE SUSPICION TO STOP AND DETAIN PLAINTIFF**

The Fourth Amendment protects "[t]he right of the people to be secure in their person, houses, papers and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. To mount a successful Fourth Amendment challenge to a search, an individual "must demonstrate that he personally has an expectation of privacy in the place searched." Minnesota v. Carter, 525 U.S. 83, 88 (1998); see also United States v. Fields, 113 F.3d 313, 322 (2d Cir. 1997) ("The ultimate focus of Fourth Amendment analysis remains whether the defendant had a reasonable expectation of privacy in the place searched.").

An officer may stop an individual if he has reasonable suspicion the person stopped may be involved in criminal activity. In Terry v. Ohio, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), the Supreme Court held that police officers may conduct limited searches and detentions of individuals without probable cause. "A valid Terry stop requires an officer be able to 'point to specific and articulable facts which taken together with rational inferences from those facts, reasonably warrant that intrusion [on rights protected by the Fourth Amendment].'" Mittelman v. Cnty. of Rockland, 2013 U.S. Dist. LEXIS 46382, *49-50 (S.D.N.Y. Mar. 26, 2013). Further, "under Terry and its progeny, if a law enforcement officer believes that a suspect -- an individual for whom the officers do not yet have probable cause to arrest -- might be armed, the officers are entitled 'to conduct a carefully limited search of the outer clothing of [the suspect] in an attempt to discover weapons.' Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); see also United States v. Alexander, 907 F.2d 269, 272 (2d Cir. 1990)." United States v. Morillo, 2012 U.S. Dist. LEXIS 62590, *6 (S.D.N.Y. May 2, 2012).

As an initial matter plaintiff provides no evidence that defendants Parris, Fradera Taylor and Noce stopped plaintiff and therefore plaintiff cannot maintain a claim of

6

unreasonable search and seizure against those defendants. Finally, defendant Magliano had reasonable suspicion to stop and question plaintiff. Plaintiff matched the description given over a radio run which stated that an African American male, wearing black, standing approximately 5 feet 8 inches tall was in possession of a firearm in the vicinity where defendant Magliano found plaintiff. Defs' 56.1 ¶¶1,5. Plaintiff's arrest report states that plaintiff is an African American male, five feet 8 inches tall and was wearing black. Defs' 56.1 ¶ 3. Therefore defendant Magliano had reasonable suspicion to stop and detain plaintiff to ascertain if he was the individual reported to have been carrying a firearm.

## POINT II

### PLAINTIFF HAS NO FALSE ARREST CLAIM AGAINST DEFENDANTS TAYLOR, PARRIS FRADERA AND NOCE

Defendants Taylor, Parris, Fradera and Noce are entitled to summary judgment on plaintiff's false arrest claim because they had no personal involvement in plaintiff's arrest.[3] Personal involvement is a prerequisite to a finding of liability under § 1983. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). "Personal involvement may be established by a showing of direct participation, meaning 'intentional participation in the conduct constituting a violation of the victim's rights by one who knew of the facts rendering it illegal.' Provost v. City of Newburgh, 262 F.3d 146, 155 (2d Cir. 2001)." Wong v. Yoo, 649 F. Supp. 2d 34, 61 (E.D.N.Y. 2009). Plaintiff presents no evidence to show that Defendants Taylor, Parris, Fradera and Noce observed the conduct that led to plaintiff's arrest.

The facts show that defendant Magliano believed plaintiff was the owner of the jacket which contained the knife. Defs' 56.1 ¶ 6. And it was Detective Magliano who told

---

[3] Plaintiff appears to make a supervisory liability claim in regards to Sgt. Fradera, but that is a state law claim and plaintiff has made no state law claims in this action.

7

Detective Taylor that plaintiff possessed the knife. Defs 56.1 ¶ 13. Detective Taylor was entitled to rely on that information as he had no basis to doubt the information he received from Detective Magliano. Sgt. Noce's only involvement in the case was recovering the scalpel, Sgt. Noce had no other involvement in the case against plaintiff. As well Detective Parris did have any contact with plaintiff on May 7, 2015 or May 8, 2015. Defs' 56.1 ¶ 17.

While Sgt. Fradera was the supervising officer who approved the arrest and Detective Taylor was the arresting officer, neither of them had personal knowledge of the facts underlying the arrest and therefore were allowed to rely on Detective Magliano's representations. Defs' 56.1 ¶¶ 14, 16. Under the fellow officer rule, "an arresting officer might not be aware of all the underlying facts that provided probable cause or reasonable suspicion, but may nonetheless act reasonably in relying on information received by other law enforcement officials." United States v. Colon, 250 F.3d 130, 135 (2d Cir. 2011). Therefore there can be no claim of false arrest against Sgt. Fradera and Detective Taylor because the officers did not have any personal knowledge of the underlying facts that provided probable cause to arrest plaintiff and thus the false arrest claims against them should be dismissed. The claim against Detective Parris should be dismiss because he did not participate in plaintiff's arrest and the claim against Sgt. Noce should be dismissed because he did not have any personal knowledge of the facts that led Detective Magliano to believe plaintiff possessed the jacket that contained the knife.

## POINT III

### DEFENDANT MAGLIANO IS ENTITLED TO QUALIFIED IMMUNITY[4]

---

[4] Defendants Taylor, Noce, Parris and Fradera did not violate plaintiff's constitutional rights and their claims are entitled to dismissal, not on the ground of qualified

8

### a. Defendant Magliano is entitled qualified immunity with respect to plaintiff's unlawful search and seizure claim

Defendant Magliano should be granted qualified immunity with respect to plaintiff's search and seizure claim. The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted). An officer is entitled to qualified immunity for an unlawful stop and seizure claim in the absence of reasonable suspicion if the officer can establish there was "arguable reasonable suspicion" to detain that individual. Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

As set forth in Point 1 *supra*, defendant Magliano stopped and questioned plaintiff because he appeared to match the description of an individual reported to be carrying a firearm. Even if defendant Magliano's conclusion was wrong, it was a reasonable mistake and therefore at a minimum defendant Magliano had arguable reasonable suspicion to detain plaintiff. Qualified immunity is applicable regardless of "whether a government actor's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (citations omitted). The Supreme Court has noted time and again that "[t]he qualified immunity standard 'gives ample room for mistaken judgments' by

immunity, but they had no personal involvement in plaintiff's arrest. Stephenson v. John Doe, Detective, 332 F.3d 68 (2d Cir. 2003).

protecting 'all but the plainly incompetent or those who knowingly violate the law.'" Hunter v. Bryant, 502 U.S. 224, 229 (1991) (per curiam) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)).

### b. Defendant Magliano is entitled qualified immunity with respect to plaintiff's false arrest claim.

The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and quotations omitted). An officer is entitled to qualified immunity for a false arrest claim in the absence of probable cause if the officer can establish there was "arguable probable cause" to arrest. Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004). Thus, a police officer "is entitled to qualified immunity if either (1) it was objectively reasonable for the officer to believe that probable cause existed, or (2) officers of reasonable competence could disagree on whether the probable cause test was met." Walczyk v. Rio, 496 F.3d 139, 163 (2d Cir. 2007). For qualified immunity purposes, in deciding whether an officer's conduct was "objectively reasonable," the Court must examine the information possessed by the officer at the time of the arrest, but "[courts] do not consider the subjective intent, motives, or beliefs" of the officer. Connecticut ex rel. Blumenthal v. Crotty, 346 F.3d 84, 106 (2d Cir. 2003).

Further, the U.S. Supreme Court recently stated that Courts need to address the qualified immunity doctrine with specificity and state what clearly defined right defendants violated. In White v. Pauly, the Court stated: "[I]t is again necessary to reiterate the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'

Ashcroft v. al-Kidd, 563 U. S. 731, 742 (2011)... Otherwise, [p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." Id. The Court stressed that for qualified immunity to be inapplicable, existing precedent must have placed the statutory or constitutional question "beyond debate." Id. at 468. As White v. Pauly, reiterates, the protection of qualified immunity "'is effectively lost if a case is erroneously permitted to go to trial,'" Id. at 468 (quoting Pearson v. Callahan, 555 U. S. 223, 231 (2009)).

Detective Magliano reasonably believed that plaintiff was the owner of the jacket. Detective Magliano believed the individual who dropped the jacket was plaintiff and that plaintiff matched the description of a 911 call regarding an individual carrying a gun -- and part of the description of he received was that the individual carrying a gun was wearing a jacket. Defs' 56.1 ¶ 1. He also reasonably believed that the knife plaintiff was carrying was a dangerous weapon. Therefore Detective Magliano should be afforded qualified immunity because he had a reasonable belief, even if he was mistaken, that plaintiff had committed a crime.

## POINT IV

### PLAINTIFF'S DENIAL OF A RIGHT TO A FAIR TRIAL MUST FAIL

To prevail on a fabrication of evidence claim, a plaintiff must show that "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." Jovanovic v. City of New York, 486 Fed. Appx. 149, 152, (2d Cir. 2012) (citing Jocks v. Tavernier, 316 F.3d 128, 138 (2d Cir. 2003).

Plaintiff was never arraigned in this matter and therefore suffered no post-arraignment deprivation of liberty and therefore does not have a cognizable denial of a right to a fair trial claim.

## POINT V

### PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST FAIL

As argued in Point I and Point II, *supra,* defendants Taylor, Noce, Parris and Fradera did not see plaintiff interact with Detective Magliano and therefore there can be no failure to intervene claim against them as they had no reasonable opportunity to stop the conduct challenged by plaintiff. In order to be liable under a failure to intervene claim, an officer must be personally involved in the alleged constitution deprivation "'yet failed to intercede on behalf of the victim even though he had a reasonable opportunity to do so.' Russo v. DiMilia, 894 F. Supp. 2d 391, 414 (S.D.N.Y. 2012) (quoting Jeffreys v Rossi, 275 F. Supp. 2d 463, 474 (S.D.N.Y. 2003))." Sanabria v. Tezlof, 2016 U.S. Dist. LEXIS 107104, *15-17 (S.D.N.Y. Aug. 12, 2016). Plaintiff has presented no evidence that defendants Taylor, Noce, Parris and Fradera were aware of the conduct alleged when it happened and had a reasonable opportunity to stop the challenged conduct.

There can also be no failure to intervene claim against defendant Magliano. Where a police officer is a directly involved in the allegedly unlawful conduct, the failure to intervene theory of liability is inapplicable. Simon v City of New York, No. 09 Cv. 1302 (ENV)(RER), 2011 U.S. Dist. LEXIS 9515 (E.D.N.Y. Jan. 3, 2011). Therefore there can be no failure to intervene claim against defendant Magliano because he cannot intervene in his own conduct. Morgan v. County of Nassau, 720 F. Supp. 2d 229, 240 (E.D.N.Y. 2010).

## POINT VI

### PLAINTIFF MAKES NO CLAIM AGAINST THE CITY OF NEW YORK

Plaintiff makes no claim against the City of New York. In order to hold a municipality liable as a "person" within the meaning of § 1983, a plaintiff must establish that the municipality itself was somehow at fault. Oklahoma City v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978) (liability exists only where "action pursuant to official municipal policy of some nature caused a constitutional tort"). In his Third Amended Complaint plaintiff merely states that "the City of New York is liable under *Monell.*" Am. Cmpl. ¶ 7.

Plaintiff has not claimed any facts that would give rise to the inference that plaintiff's arrest was caused by an existing unconstitutional municipal policy attributed to a municipal policymaker. See Oklahoma v. Tuttle, 471 U.S. 808, 823-24 (1985) (proof of a single incident of unconstitutional activity is insufficient to impose liability under Monell, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker); Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) ("The mere assertion .... that a municipality has such a custom or policy is insufficient"). Plaintiff does not offer any evidence of how any alleged practice by the City of New York relates to plaintiff's claim nor does plaintiff submit any evidence that the alleged practice exists. (Am. Cmpl., Johnson Decl., Exhibit "A" at ¶ 24.) Accordingly, plaintiff's Monell claim fails as a matter of law.

### CONCLUSION

For the foregoing reasons, defendants City of New York, Detective Brian Taylor, Detective Neil Magliano, Sgt. Sean Noce, Detective Justin Parris and Sgt. Wesley Fradera respectfully request that the Court grant their motion for summary judgment in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 30, 2017

ZACHARY W. CARTER
Corporation Counsel of the City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 356-2656

By: /s/ Paul H. Johnson
Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

To: Gabriel Harvis, Esq. **(VIA ECF)**
*Attorney for Plaintiff*
305 Broadway, 14th Floor
New York, New York 10007