UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
JONATHAN HARRIS,

                          Plaintiff,

            -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; and Sergeant WESLEY FRADERA, Shield 4246,

                         Defendants.

**PLAINTIFF'S STATEMENT PURSUANT TO LOCAL CIVIL RULE 56.1**

**15 CV 8456 (CM)**

---------------------------------------------------------------x

Plaintiff hereby submits the following statement pursuant to Local Civil Rule 56.1:

1. The assigned arresting officer for plaintiff's arrest on May 7, 2015 was Brian Taylor. *See* Testimony of Detective Brian Taylor ("Taylor Dep."), annexed to the Declaration of Gabriel P. Harvis dated August 30, 2017 ("Harvis Decl.") as Exhibit 1 ("Exh."), p. 17, ln. 22-25.

2. Brian Taylor did not observe plaintiff commit any crime or infraction on May 7, 2015. *See* Taylor Dep., Harvis Decl., Exh. 1, p. 17, ln. 10-21.

3. According to Brian Taylor, defendant Neil Magliano told him that there was probable cause to arrest plaintiff because Magliano saw plaintiff holding a jacket with a scalpel in the pocket and plaintiff told Magliano that he used the scalpel for protection. *Id*.; *see also* Taylor Dep., Harvis Decl., Exh. 1, p. 16, ln. 23 through p. 17, ln. 9; p. 19, ln. 10-18.

4. But for the inculpatory statement attributed to plaintiff (that he used the scalpel for protection), defendants concede probable cause would be lacking. *See* Taylor Dep., Harvis Decl., Exh. 1, p. 59, ln. 10-14; *see also* N.Y.P.L. § 265.01, Criminal Possession of a Weapon in the Fourth Degree.

5. Plaintiff was never given Miranda warnings. *See* Testimony of Officer Neil Magliano ("Magliano Dep."), annexed to the Harvis Decl., as Exhibit 2, p. 63, ln. 6-24.

6. The inculpatory statement attributed to plaintiff was never memorialized, even though defendant Magliano (who allegedly heard the statement) devoted a section of his memo book to "details of the arrest." *See* Defendant Magliano Memo Book (Def. 427-29), annexed to Harvis Decl. as Exhibit 3; *see also* Magliano Dep., Harvis Decl., Exh. 2, p. 64, ln. 12-20; *see also* Taylor Dep., Harvis Decl., Exh. 1, p. 20, ln. 8-12.

7. The inculpatory statement attributed to plaintiff was never communicated to the district attorney. *See* Taylor Dep., Harvis Decl., Exh. 1, p. 21, ln. 12-18; *see also* Decline Prosecution Memorandum, Office of the District Attorney, New York County, dated June 2, 2015, annexed to Harvis Decl. as Exhibit 4.

8. According to defendants, the inculpatory statement attributed to plaintiff was made after plaintiff was already arrested. *See* Magliano Dep., Harvis Decl., Exh. 2, p. 74, ln. 20 through p. 75, ln. 4 (Q: So your decision to arrest him didn't have anything to do with the statement. Fair to say? A: Correct.).

Dated:   August 30, 2017
         New York, New York

                                        HARVIS & FETT LLP

                                        /s/
                                        _____
                                        Gabriel P. Harvis
                                        305 Broadway, 14th Floor
                                        New York, New York 10007
                                        (212) 323-6880
                                        gharvis@civilrights.nyc

                                        *Attorneys for plaintiff*