UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JONATHAN HARRIS,

                Plaintiff,

      -against-                                **15 CV 8456 (CM)**

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                Defendants.
--------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

                                            **HARVIS & FETT LLP**
                                            305 Broadway, 14th Floor
                                            New York, New York 10007

                                            *Attorneys for plaintiff*

August 30, 2017

## **TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS ....................................................................................... 1

ARGUMENT ............................................................................................................ 2

    DEFENDANTS LACKED ARGUABLE PROBABLE CAUSE TO
    ARREST PLAINTIFF ................................................................................... 2

CONCLUSION ......................................................................................................... 5

# **TABLE OF AUTHORITIES**

CASES

*Alhovsky v. Ryan*, 658 F. Supp. 2d 526 (S.D.N.Y. 2009), *aff'd sub nom. Alhovsky v. Paul*, 406 F. App'x 535 (2d Cir. 2011) .................................................................. 2
*Carlos Quiles & Carlos Rodriguez v. City of New York*, 15 CV 1055 (CM), 2016 WL 6084078 (S.D.N.Y. Oct. 12, 2016) ................................................................. 4
*Curry v. City of Syracuse*, 316 F.3d 324 (2d Cir. 2003) ............................................ 2
*Devenpeck v. Alford,* 543 U.S. 146 (2004) .................................................................. 3
*Gerstein v. Pugh*, 420 U.S. 103 (1975) ........................................................................ 2
*Gonzalez v. City of Schenectady*, 728 F.3d 149 (2d Cir. 2013) ................................. 4
*Hargroves v. City of New York*, 411 F. App'x. 378 (2d Cir. 2011) ........................... 3
*Harris v. City of New York*, 222 F.Supp.3d 341 (S.D.N.Y. 2016) ............................ 1
*Holeman v. City of New London*, 425 F.3d 184 (2d Cir. 2005) ................................. 3
*Kent v. Katz*, 312 F.3d 568 (2d Cir. 2002) ................................................................... 3
*Lowth v. Town of Cheektowaga*, 82 F.3d 563 (2d Cir. 1996) .................................... 3
*Raysor v. Port Auth. of New York & New Jersey*, 768 F.2d 34 (2d Cir. 1985) ......... 2
*Vasquez v. McPherson*, 285 F. Supp. 2d 334 (S.D.N.Y. 2003) ............................. 2, 3
*Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996) ............................................................. 3
*Whren v. United States,* 517 U.S. 806 (1996) ............................................................. 3
*Wu v. City of New York*, 934 F.Supp. 581 (1996) ...................................................... 2

STATUTES

N.Y.P.L. § 265.01 ........................................................................................................ 3

## **STATEMENT OF FACTS**

The facts of this straightforward false arrest case are set forth in the Court's decision denying summary judgment dated December 2, 2016. *See Harris v. City of New York*, 222 F.Supp.3d 341, 341-44 (S.D.N.Y. 2016).

The only material fact that further discovery has added to the record is that defendants now claim plaintiff made an inculpatory statement following his arrest (that was never memorialized or communicated to the DA). *See* Plaintiff's Local Civil Rule 56.1 Statement of Undisputed Facts, ¶¶ 3 through 8. As the Court may recall, plaintiff denies possessing the scalpel or making any incriminating statements. *See Harris*, 222 F.Supp.3d at 345; *see also* Deposition Testimony of Jonathan Harris, annexed to the Declaration of Gabriel P. Harvis dated August 30, 2017 as Exhibit 5, p. 45, ln. 2-4; p. 49, ln. 17 through p. 50, ln. 2.

Since defendants concede that the purported statement was not made until *after* plaintiff's arrest, and defendants can raise no credible claim of arguable probable cause at the time of plaintiff's arrest, plaintiff respectfully submits that he is entitled to summary judgment on his false arrest claim.

## ARGUMENT

### DEFENDANTS LACKED ARGUABLE PROBABLE CAUSE TO ARREST PLAINTIFF

In the Second Circuit, the warrantless arrest of an individual is presumptively unlawful. *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003). "[D]efendant has the burden to establish that he had probable cause." *Vasquez v. McPherson*, 285 F. Supp. 2d 334, 340-41 (S.D.N.Y. 2003) (citing *Raysor v. Port Auth. of New York & New Jersey,* 768 F.2d 34, 40 (2d Cir. 1985) and *Wu v. City of New York,* 934 F.Supp. 581, 586 (1996)); *see Alhovsky v. Ryan*, 658 F. Supp. 2d 526, 532 (S.D.N.Y. 2009), *aff'd sub nom. Alhovsky v. Paul*, 406 F. App'x 535 (2d Cir. 2011) ("It is axiomatic that the police cannot arrest a person unless they have probable cause to believe that he has committed a crime.") (citing *Gerstein v. Pugh,* 420 U.S. 103, 111–112 (1975)). "To meet his burden, defendant must show, by admissible evidence, that he had a quantum of evidence more than rumor, suspicion, or even a strong reason to suspect." *Id.* (quotation marks and citations omitted).

In the *Vasquez* case, this Court explained that "arrests cannot be based on mere suspicion" and, as a result, *"*the facts relied upon by an arresting officer must not be susceptible of an innocent or ambiguous explanation." *Id.* (citations omitted).

Whether probable cause or reasonable suspicion exists is an objective inquiry. *Holeman v. City of New London*, 425 F.3d 184, 190 (2d Cir. 2005) (citing *Whren v.

*United States,* 517 U.S. 806, 813 (1996)). "[T]he existence of probable cause is to be determined on the basis of the totality of the circumstances…through an inquiry into whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause or arguable probable cause to arrest." *Hargroves v. City of New York*, 411 F. App'x. 378, 383 (2d Cir. 2011) (citing *Kent v. Katz*, 312 F.3d 568, 576 (2d Cir. 2002) and *Devenpeck v. Alford,* 543 U.S. 146, 153, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004)); *see Vasquez*, 285 F. Supp. 2d at 340 ("Courts evaluating probable cause must consider those facts available to the officer at the time of the arrest and immediately before it.") (citing *Lowth v. Town of Cheektowaga,* 82 F.3d 563, 569 (2d Cir. 1996)).

Here, adopting defendants' narrative, it is conceded that: 1) but for the disputed inculpatory statement attributed to plaintiff there was no basis to arrest him for violating N.Y.P.L. § 265.01 because it is legal to possess a scalpel; and 2) the purported statement was not made until some time after plaintiff was arrested. *See* Plaintiff's Local Civil Rule 56.1 Statement of Undisputed Facts, ¶ 8.

Since by the plain language of the statute and their own admission defendants lacked any basis to arrest plaintiff, and they offer only a statement allegedly made after plaintiff was arrested to justify the warrantless arrest, plaintiff respectfully submits that he is entitled to summary judgment on his false arrest claim. *Carlos Quiles & Carlos Rodriguez v. City of New York*, 15 CV 1055 (CM), 2016 WL

6084078, * 5 (S.D.N.Y. Oct. 12, 2016) ("The inquiry is limited to whether the facts known by arresting the officer at the time of the arrest objectively provided probable cause to arrest.") (citing *Gonzalez v. City of Schenectady*, 728 F.3d 149, 155 (2d Cir. 2013)).

Lastly, having just read defendants' brief in support of their second motion for summary judgment, plaintiff is struck by the intellectual dishonesty of their arguments. Confronting a record that is by any measure weaker for them now than before, defendants disregard plaintiff's narrative entirely, asking the Court to set aside the standards of Rule 56 and credit defendants even where prosecutors declined to do so. Plaintiff respectfully submits that the governing law and the undisputed facts of this case support denial of defendants' second motion and entry of judgment in plaintiff's favor on his false arrest claim.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the Court enter judgment in his favor on his false arrest claim, deny summary judgment to the defendants and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 30, 2017

                        HARVIS & FETT LLP

                        /s/
                      _____
                      Gabriel P. Harvis
                      305 Broadway, 14th Floor
                      New York, New York 10007
                      (212) 323-6880
                      gharvis@civilrights.nyc

                      *Attorneys for plaintiff*