15 CV 8456 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN HARRIS,

                              Plaintiff,

           -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                              Defendants.

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

**ZACHARY W. CARTER**
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-208*
*New York, New York 10007*
*Of Counsel: Paul H. Johnson*
*Tel: (212) 356-2656*

**Table of Contents**

PRELIMINARY STATEMENT ............................................................................................ 1

STANDARD OF REVIEW ................................................................................................... 4

STATEMENT OF FACTS .................................................................................................... 2

POINT I PLAINTIFF DOES NOT ALLEGE FACTS SUFFICIENT TO STATE
DEFENDANTS LACKED ARGUABLE PROBABLE CAUSE TO ARREST PLAINTIFF ....... 5

CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

Anderson v. Creighton,
   483 U.S. 635 (1987)..................................................................................................6

Ashcroft v. al-Kidd,
   563 U.S. 731 (2011)..................................................................................................6

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986)..................................................................................................5

Cifarelli v. Village of Babylon,
   93 F.3d 47 (2d Cir. 1996)..........................................................................................4

Gabai v. Jacoby,
   800 F. Supp. 1149 (S.D.N.Y. Aug. 6, 1992).............................................................5

Isaac v. City of New York,
   701 F. Supp. 2d 477 (S.D.N.Y. 2010).......................................................................4

Jaegly v. Couch,
   439 F.3d 149 (2d Cir. 2006)......................................................................................7

Jermosen v. Coughlin,
   877 F. Supp. 864 (S.D.N.Y. Mar. 3, 1995)...............................................................4

Kinsella v. Rumsfeld,
   320 F.3d 309 (2d Cir. 2003)......................................................................................4

Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
   475 U.S. 574 (1986)..................................................................................................4

Mullenix v. Luna,
   136 S. Ct. 305 (2015)................................................................................................6

Plumhoff v. Rickard,
   134 S. Ct. 2012 (2014)..............................................................................................6

Sands v. City of New York,
   2006 U.S. Dist. LEXIS 72111 (E.D.N.Y. Oct. 3, 2006)...........................................7

Small v. Bud-Kworldwide, Inc.,
   895 F. Supp. 2d 438 (E.D.N.Y. 2012) ......................................................................7

**Statutes**

NY CLS Penal Law § 265.01 ................................................................................................7

**Other Authorities**

FED. R. CIV. P. 56 ............................................................................................................1, 4

Local Civil Rule 56.1 .....................................................................................................2, 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JONATHAN HARRIS,

                              Plaintiff,

                                                               15 CV 8456 (CM)

       -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR,
Shield No. 4438; Police Officer NEIL MAGLIANO,
Shield No. 2766; Police Officer SEAN NOCE, Shield
No. 31328; Detective JUSTIN PARRIS, Shield No.
22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                              Defendants.

------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

        Defendants the City of New York, Detective Brian Taylor, Detective Neil Magliano, Sergeant Sean Noce, Detective Justin Parris and Sergeant Wesley Fradera, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, respectfully submit this memorandum of law in opposition of plaintiff's motion for partial summary judgment pursuant to FED. R. CIV. P. 56(c).

### PRELIMINARY STATEMENT

        Jonathan Harris moves for partial summary judgment on his claims for false arrest. Plaintiff's false arrest claim must fail because Detective Magliano had at a minimum arguable probable cause to arrest defendant for possession of a criminal weapon.

## STATEMENT OF FACTS

At approximately 11:36 p.m. on May 7, 2015, defendants Detective Brian Taylor, Detective Neil Magliano and Sergeant Sean Noce were called to a park in the vicinity of West 64th Street and West End Avenue in New York, New York to investigate a 911 call stating that a black male, approximately 5 feet 8 inches tall, wearing a "black hoody" and "black pants" was in a park behind the Amsterdam Houses with a gun in his waistband. Defendant's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1, dated August 30, 2017 ("Defs' 56.1") at ¶ 1.

Plaintiff admits that on the evening of May 7, 2017 he was inside the park located behind the Amsterdam Houses. Defs' 56.1 at ¶ 2. Plaintiff's arrest report stated plaintiff is African American and was wearing black sweatpants and a black jogging jacket and lists his height as 5 feet 9 inches tall. Defs' 56.1 at ¶ 3. At approximately 11:55 p.m. plaintiff was in the park the vicinity of 217 West 63rd Street when he was approached by a police officer. Defs' 56.1 at ¶ 4. Detective Neil Magliano approached plaintiff because he appeared to match the description of the individual believed to be carrying a weapon. Defs' 56.1 at ¶ 5. As Detective Magliano approached plaintiff he saw an individual he believed to be plaintiff drop a jacket onto the ground. Defs' 56.1 at ¶ 6. Plaintiff admits a police officer told him the jacket the officer recovered was believed to have belonged to plaintiff. Defs' 56.1 at ¶ 7.

Sgt. Sean Noce picked up the jacket and found a scalpel inside the jacket. Defs' 56.1 at ¶ 8. The police officer then placed plaintiff in handcuffs. Defs' 56.1 at ¶ 10. Detective Magliano recalls plaintiff informing him while being transported to the precinct that he kept the scalpel for protection. Defs' 56.1 at ¶ 11. Detective Brian Taylor arrested plaintiff for possession

of a dangerous cutting instrument based on the observations of Detective Magliano. Defs' 56.1 at ¶ 12. Detective Taylor relied on the observations of Detective Magliano to determine that plaintiff possessed a dangerous weapon. Defs' 56.1 at ¶ 13. Detective Taylor did not observe plaintiff commit any crime or infraction on May 7, 2015. Plaintiff's Statement Pursuant to Local Civil Rule 56.1, attached to the Declaration of Gabriel P. Harvis, dated August 30, 2017, at ¶ 2. Detective Taylor did not observe plaintiff's arrest. Defs' 56.1 at ¶ 14, Pl's 56.1 ¶ 2.

Defendant Detective Neil Magliano observed plaintiff drop a jacket onto the ground at the sight of police officers. Defendants Reply to Plaintiff's Statement of Undisputed Facts ("Defs' Reply"), dated September 13, 2017 at ¶ 9. Defendant Sgt. Sean Noce inspected the jacket and found a scalpel. Defs' Reply at ¶ 10. Defendant Magliano arrested plaintiff after discovering the scalpel in the jacket plaintiff dropped on the ground. Defs' Reply at ¶ 11. Defendant Magliano arrested plaintiff for possession of the scalpel because there was no legitimate reason for an individual to be carrying a scalpel at midnight at that location. Defs' Reply at ¶ 12. After his arrest plaintiff told defendant Magliano that he carried the scalpel for protection. Defs' Reply at ¶ 13. Defendant Magliano had probable cause to arrest plaintiff for littering when he saw plaintiff drop the jacket to the ground in a public place. Defs' Reply at ¶ 14.

Detective Justin Parris has no personal knowledge about the arrest of Jonathan Harris and did not observe his arrest. Defs' 56.1 at ¶ 15. Sgt. Wesley Fradera did not observe plaintiff's arrest and has no personal knowledge about the arrest of Jonathan Harris. Defs' 56.1 at ¶ 16. Detective Justin Parris did not interact with plaintiff and has no personal knowledge about the arrest of Jonathan Harris. Defs' 56.1 at ¶ 17. Detective Taylor issued plaintiff a desk

appearance ticket for criminal possession of a weapon with a court date of court date of June 29, 2015. Defs' 56.1 at ¶ 18. The District Attorney for New York County declined to prosecute plaintiff on June 2, 2015. Defs' 56.1 at ¶ 19. The case against plaintiff was dismissed before his arraignment. Defs' 56.1 at ¶ 20.

### STANDARD OF REVIEW

Summary judgment is designed to expedite civil cases by eliminating from the trial calendar those claims that can be resolved as a matter of law. A court must grant a motion for summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-movant, presents no genuine issue of material fact. Id.; Cifarelli v. Village of Babylon, 93 F.3d 47, 51 (2d Cir. 1996). A material fact is one that might affect the outcome of a suit under governing law. Kinsella v. Rumsfeld, 320 F.3d 309, 311 (2d Cir. 2003). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

In a motion for summary judgment, the moving party can show that no genuine issue of material fact exists by "setting forth specific facts denying [plaintiff's] claims." Jermosen v. Coughlin, 877 F. Supp. 864, 867 (S.D.N.Y. Mar. 3, 1995) (citing Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986)). The moving party may also prevail "by pointing out that there is an absence of evidence to support the non-moving party's case." Jermosen, 877 F. Supp. at 867 (quoting Gabai v. Jacoby, 800 F. Supp. 1149, 1153 (S.D.N.Y. Aug. 6, 1992)). In order to

avoid summary judgment, the non-moving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial and not merely allegations or denials. Isaac v. City of New York, 701 F. Supp. 2d 477, 485 (S.D.N.Y. 2010). Evidence which is merely "colorable, conclusory, speculative or not significantly probative" is insufficient to withstand a summary judgment motion. Gabai, 800 F. Supp. at 1153 (S.D.N.Y. Aug. 6, 1992). A motion for summary judgment, therefore, requires the party with the burden of proof at trial to "make a showing sufficient to establish the existence of an element essential to that party's case . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In this case, plaintiff's motion for partial summary judgment should be denied because he alleges no undisputed material facts in support of his claims and the Court should grant defendants' motion for summary judgment because there are no issues of material fact to warrant a trial on any of plaintiff's claims.

## ARGUMENT

### POINT I

**PLAINTIFF DOES NOT ALLEGE FACTS SUFFICIENT TO STATE DEFENDANTS LACKED ARGUABLE PROBABLE CAUSE TO ARREST PLAINTIFF**

The "doctrine of qualified immunity shields public officials performing discretionary functions from civil liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known or insofar as it was objectively reasonable for them to believe that their acts did not violate those rights." Bradway v. Gonzales, 26 F.3d 313, 317-18 (2d Cir. 1994) (internal citations and

5

quotations omitted). An officer is entitled to qualified immunity for an unlawful stop and seizure claim in the absence of reasonable suspicion if the officer can establish there was "arguable reasonable suspicion" to detain that individual. Escalera v. Lunn, 361 F.3d 737, 743 (2d Cir. 2004).

As a practical matter, qualified immunity can be denied only when an official's conduct violates controlling authority or a robust consensus of cases of persuasive authority. Ashcroft v. al-Kidd, 563 U.S. 731, 741-42 (2011). In other words, existing precedent must have placed the . . . constitutional question confronted by the official *beyond debate*." Plumhoff v. Rickard, 134 S. Ct. 2012 (2014) (internal quotation marks omitted) (emphasis added). Indeed, this is why qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Mullenix v. Luna, 136 S. Ct. 305, 308 (2015) (quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)). "[T]he right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense. Anderson v. Creighton, 483 U.S. 635, 640 (1987).

In White v. Pauly, the U.S. Supreme Court reiterated the qualified immunity doctrine: "[I]t is again necessary to reiterate the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.' Ashcroft v. al-Kidd, 563 U. S. 731, 742 (2011)... Otherwise, [p]laintiffs would be able to convert the rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." Id. The Court stressed that for qualified immunity to be inapplicable, existing precedent must have placed the statutory or constitutional question "beyond debate." Id. at 468. As White v. Pauly reiterates, the protection of qualified immunity "'is effectively lost if a case is erroneously permitted to go to trial,'" Id. at 468 (quoting Pearson v. Callahan, 555 U. S. 223, 231 (2009)).

Therefore plaintiff's motion for partial summary judgment must fail because plaintiff's arrest was supported by at a minimum arguable probable cause. Detective Magliano observed plaintiff drop a jacket onto the ground. Defendants Statement of Undisputed Facts Pursuant to Local Rule 56.1 ("Defs' 56.1), dated August 30, 2017 at ¶ 6. Detective Magliano then asked Sgt. Sean Noce to inspect the jacket and found a scalpel. Defs' 56.1 ¶ 7. Plaintiff was placed under arrest after the discovery of the scalpel. Defs' Reply 56.1 at ¶ 11. Specifically, defendant Magliano testified that there was no reasonable reason for plaintiff to have the scalpel at that location at that hour. Defs' 56.1 Reply at ¶ 12.

Plaintiff seeks to argue that but for the statement made by him that he possessed the scalpel for protection, defendants would not have arrested plaintiff for criminal possession of a weapon. As an initial matter, that is simply not true. Plaintiff was arrested prior to making any statement about why he possessed the scalpel. Further, the qualified immunity analysis is objective rather than subjective. Thus, qualified immunity protects government officials when they make "reasonable mistakes" about the legality of their actions, and applies regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact. Doninger v. Niehoff, 642 F.3d 334, 353 (2d Cir. Apr. 25, 2011).

Here as defendants argued in their Memorandum of Law in Support of Defendants' Motion for Summary Judgment (Doc. No. 82), defendant Magliano had at a minimum arguable probable cause to arrest plaintiff for criminal possession of a weapon because defendant Magliano observed plaintiff drop a jacket on the ground and found a cutting instrument in the jacket pocket. Defs' 56.1¶¶ 6-10. Plaintiff cites no clearly established law that an arrest based on those facts violated any clearly established rights. In fact, courts have ruled that a scalpel may be considered a dangerous weapon, considering the context of where the

7

instrument is found and that such an application of NY CLS Penal Law § 265.01 is not constitutionally void for vagueness. Small v. Bud-Kworldwide, Inc., 895 F. Supp. 2d 438, 451-452, (E.D.N.Y. 2012) (citing State v. Horton, 98 N.J. Super. 258, 236 A.2d 891, 893 (Super. Ct. N.J. 1967) which holds that "[a] scalpel in a physician's bag may be just a scalpel; a 'scalpel' in a pocket may be a concealed dangerous weapon.").

Morever, Detective Magliano also had at least arguable probable cause to arrest plaintiff for littering in violation of New York City Administrative Code § 16-118. Defs' 56.1 Reply ¶ 14. Defendant Magliano observed plaintiff drop the jacket to the ground in a public place. Defs' 56.1 Reply ¶ 9. The New York City Administrative Code states: "No person shall litter, sweep, throw or cast . . . any ashes, garbage, paper, dust or other rubbish and refuse of any kind whatsoever, in or upon any street or public place ..." N.Y.C Ad. Code § 16-118. This crime is punishable by up to 10 days imprisonment. Id. "[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that it is not relevant whether probable cause existed with respect to each individual charge, or, indeed, any charge actually invoked by the arresting officer at the time of arrest." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006) (citing Devenpeck v. Alford, 543 U.S. 146, 153-54 (2004)). Here plaintiff was observed dropping a jacket onto the ground in public place and therefore Detective Magliano did not violate a clearly established right for arresting plaintiff because he believed plaintiff had littered in violation of the New York City administrative code. Sands v. City of New York, 2006 U.S. Dist. LEXIS 72111, *17 (E.D.N.Y. Oct. 3, 2006) (defendants entitled to qualified immunity for arresting an individual for littering where reasonable officers could disagree whether there was probable cause to arrest plaintiff).

8

## CONCLUSION

For the foregoing reasons, defendants City of New York, Detective Brian Taylor, Detective Neil Magliano, Sergeant Sean Noce, Detective Justin Parris and Sergeant Wesley Fradera respectfully request that the Court grant their motion for summary judgment in its entirety and deny plaintiff's motion for partial summary judgment, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        September 13, 2017

                                            ZACHARY W. CARTER
                                            Corporation Counsel of the City of New York
                                            *Attorney for Defendants City of New York,*
                                            *Taylor, Magliano, Noce, Parris and Fradera*
                                            100 Church Street
                                            New York, New York 10007
                                            (212) 356-2656

                                By:        _____
                                            Paul H. Johnson
                                            *Assistant Corporation Counsel*
                                            Special Federal Litigation Division

To:    Gabriel Harvis, Esq. **(VIA ECF)**
        *Attorney for Plaintiff*
        305 Broadway, 14th Floor
        New York, New York 10007