UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JONATHAN HARRIS,

                              Plaintiff,

                 -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR,
Shield No. 4438; Police Officer NEIL MAGLIANO, Shield
No. 2766; Police Officer SEAN NOCE, Shield No. 31328;
Detective JUSTIN PARRIS, Shield No. 22965; Sergeant
WESLEY FRADERA, Shield No. 4246,

                              Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S
STATEMENT PURSUANT
TO LOCAL RULE 56.1**

15 CV 8456 (CM)

        Pursuant to Local Rule 56.1 of the Civil Rules of this Court, defendants City of New

York, Detective Brian Taylor, Detective Neil Magliano, Sergeant Sean Noce, Detective Justin

Parris and Sergeant Wesley Fradera, submit this counter statement pursuant to Rule 56.1 of the

Local Rules of the United States District Court for the Eastern District of New York in response

to Plaintiff's Rule 56.1 Statement dated August 30, 2017:

1. The assigned arresting officer for plaintiff's arrest on May 7, 2015 was Brian Taylor. See
   Testimony of Detective Brian Taylor ("Taylor Dep."), annexed to the Declaration of
   Gabriel P. Harvis, dated August 30, 2017 ("Harvis Decl.") as Exhibit 1 ("Exh"), p. 17, ln
   22-25.

   **Undisputed**

2. Brian Taylor did not observe plaintiff commit any crime or infraction on May 7, 2015,
   *See* Taylor Dep., Harvis Decl., Exh. 1, p. 17, ln. 10-21.

   **Undisputed**

3. According to Brian Taylor, defendant Neil Magliano told him that there was probable
   cause to arrest plaintiff because Magliano saw plaintiff holding a jacket with a scalpel in
   the pocket and plaintiff told Magliano that he used the scalpel for protection. Id.; *see also*
   Taylor Dep., Harvis Decl., Exh. 1, p. 16, ln 23 through p. 17, ln. 9; p. 19, ln. 10-18.

1

**Disputed**, Detective Taylor stated plaintiff was arrested after he was observed dropping a jacket to the ground and a scalpel was recovered from the jacket. Deposition of Brian Taylor, taken on July 14, 2017, attached to the Supplemental Declaration of Paul H. Johnson dated September 13, 2017, Exhibit "M" at 85:2-8; Arrest Report dated May 7, 2015 for Jonathan Harris, Arrest Report No. M15633672, attached to the declaration of Paul H. Johnson dated August 30, 2017, Exhibit "D" at Bates Stamp Nos. DEF 000001-00003.

4. But for the inculpatory statement attributed to plaintiff (that he used the scalpel for protection), defendants concede probable cause would be lacking. *See* Taylor Dep., Harvis Decl., Exh. , p. 59, ln. 10-14; *see also* N.Y.P.L. 265.01, Criminal Possession of a Weapon in the Fourth Degree.

   **Disputed,** Detective Neil Magliano arrested plaintiff after the discovery of the scalpel and prior to any statement by plaintiff. Detective Maligano believed it was illegal to possess the scalpel based on the circumstances as Detective Magliano testified that the scalpel is a dangerous cutting tool and no reasonable person would be carrying around that weapon at midnight at that location. Deposition of Neil Magliano, taken on July 27, 2017, Supp. Decl., Exhibit "N" at 45:11-13.

5. Plaintiff was never given Miranda warnings. See Testimony of Officer Neil Magliano ("Magliano Dep."), annexed to the Harvis Decl., as Exhibit 2, p. 63, ln. 6-24.

   **Disputed** however, defendants do not believe this is a material fact as plaintiff does not claim he was coerced into a confession.

6. The inculpatory statement attributed to plaintiff was never memorialized, even though defendant Magliano (who allegedly heard the satatement) devoted a section of his memo book to "details of the arrest." *See* Defendant Magliano Memo book (Def. 427-29) annexed to the Harvis Decl., as Exhibit 3, *see also* Magliano Dep., Harvis Decl., Exh. 2, p. 64, ln. 12-20; *see also* Taylor Dep., Harvis Decl., Exh. 1, p. 20, ln. 8-12.

   **Disputed,** to the extent that Detective Magliano arrested plaintiff based on the inculpatory statement. As stated previously, Detective Magliano arrested plaintiff after recovering the scalpel from plaintiff's jacket as he saw no reasonable purpose an individual would have for carrying a scalpel at midnight in his jacket pocket. Magliano Dep., Supp. Decl., Exhibit "N" at 45:11-13.

7. The inculpatory statement attributed to plaintiff was never communicated to the district attorney. *See* Taylor Dep., Harvis Decl., Exh. 2, ln. 20 through p. 75, ln. 12-18, *see* also Decline Prosecution Memorandum, Office of the District Attorney, New York County, dated June 2, 2015, annexed to the Harvis Decl. as Exhibit 4.

   **Disputed** to the extent the statement was inculpatory.

8. According to defendants, the inculpatory statement attributed to plaintiff was made after plaintiff was already arrested. *See* Magliano Dep., Harvis Decl., Exh. 2, p. 74, ln. 20

through p. 75, ln. 4 (Q: So your decision to arrest him didn't have anything to do with the statement. Fair to say? A: Correct).

**Disputed** to the extent that plaintiff's statement was inculpatory. As the testimony cited states, the statement made by plaintiff did not have anything to do with the reason defendants arrested plaintiff.

## Defendants' Additional Statements of Facts

9.  Defendant Detective Neil Magliano observed plaintiff drop a jacket onto the ground at the sight of police officers. Magliano Dep., Johnson Supp. Decl., Exhibit "N" at 51:21-23.

10. Defendant Sgt. Sean Noce inspected the jacket and found a scalpel. Deposition of Sean Noce, taken on July 18, 2017, "Noce Dep.", Johnson Supp. Decl., Exhibit "O" at 29:24-30:14, Declination of Prosecution, District Attorney of the County of New York, dated June 2, 2015, Johnson Decl., Exhibit "H."

11. Defendant Magliano arrested plaintiff after discovering the scalpel in the jacket plaintiff dropped on the ground. Magliano Dep., Johnson Supp. Decl., Exhibit "N" at 61:9-13.

12. Defendant Magliano arrested plaintiff for possession of the scalpel because there was no legitimate reason for an individual to be carrying a scalpel at midnight at that location. Magliano Dep., Johnson Supp. Decl., Exhibit "N" at 45:11-13.

13. After his arrest plaintiff told defendant Magliano that he carried the scalpel for protection. Magliano Dep., Johnson Supp. Decl., Exhibit "N" at 66:5-9.

14. Defendant Magliano had probable cause to arrest plaintiff for littering when he saw plaintiff drop the jacket to the ground in a public place. Magliano Dep., Johnson Supp. Decl., Exhibit "N" at 129:24-130:2.

Dated: April 17, 2017
New York, New York

ZACHARY W. CARTER
 Corporation Counsel of the City of New York
*Attorney for Defendants City, Taylor, Magliano, Noce, Parris and Fradera*
New York City Law Department
100 Church Street
New York, New York 10007

(212) 356-2656

By: _____
Paul H. Johnson
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:     Gabriel Harvis, Esq. **(via ECF)**
        *Attorney for Plaintiff*
        305 Broadway, 14th Floor
        New York, New York 10007

15 CV 8456 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN HARRIS ,

Plaintiff,

against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield
No. 4438; Police Officer NEIL MAGLIANO, Shield No.
2766; Police Officer SEAN NOCE, Shield No. 31328;
Detective JUSTIN PARRIS, Shield No. 22965; Sergeant
WESLEY FRADERA, Shield No. 4246,

Defendants.

## DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT PURSUANT TO LOCAL RULE 56.1

### *ZACHARY W. CARTER*
Corporation Counsel of the City of New York
*Attorney for Defendants City, Taylor, Magliano, Noce,
Parris and Fradera*
100 Church Street, Room 3-218
New York, New York 10007

*Of Counsel:  Paul H. Johnson
Tel:  (212) 356-2656*

*Due and timely service is hereby admitted. New York, New
York    , 2015 . . .*

............................................................................ *Esq.*

*Attorney for* ...........................................................