15 CV 8456 (CM) (RLE)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN HARRIS,

                              Plaintiff,

             -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR, Shield No. 4438; Police Officer NEIL MAGLIANO, Shield No. 2766; Police Officer SEAN NOCE, Shield No. 31328; Detective JUSTIN PARRIS, Shield No. 22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                              Defendants.

## REPLY IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

*ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street Rm 3-208*
*New York, New York 10007*
*Of Counsel: Paul H. Johnson*
*Tel: (212) 356-2656*

**Table of Contents**

POINT I PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULE 56.1 ......................... 1

POINT II PLAINTIFF HAS NOT ALLEGED ANY *MATERIAL* FACTS TO SHOW PERSONAL INVOLVEMENT OF DEFENDANTS TAYLOR, NOCE, PARRIS AND FRADERA WITH RESPECT TO PLAINTIFF'S FALSE ARREST CLAIM ............................... 2

POINT III PLAINTIFF HAS NOT ALLEGED ANY MATERIAL FACTS SUFFICEINT TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY. ................................................................................................................ 4

POINT IV PLAINTIFF'S REMAINING CLAIMS MUST FAIL ................................................... 6

CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Bank of America v. Fischer,
   927 F. Supp. 2d 15 (E.D.N.Y. 2013) ...................................................................................2

Connick v. Thompson,
   131 S. Ct. 1350 (2011)..........................................................................................................6

Goodman v. City of New York,
   2015 U.S. Dist. LEXIS 37063 (S.D.N.Y. Feb. 18, 2015).....................................................5

Jackson v. City of New York,
   939 F. Supp. 2d 219 (E.D.N.Y. 2013) ..................................................................................7

Jovanovic v. City of New York,
   486 Fed. Appx. 149 (2d Cir. 2012).......................................................................................7

Maldonado v. City of New York,
   2014 U.S. Dist. LEXIS 26239 (S.D.N.Y. Feb. 26, 2014).....................................................7

Mercier v. Kelly,
   No. 10 Civ. 7951 (ALC) (JCF), 2013 U.S. Dist. LEXIS 118106 (S.D.N.Y.
   April 30, 2013)......................................................................................................................7

Pearson v. Callahan,
   555 U.S. 223 (2009)..............................................................................................................5

People v. Ramirez-Portoreal,
   88 N.Y.2d 99, 666 N.E.2d 207, 643 N.Y.S.2d 502 (1996)...................................................3

Small v. Bud-Kworldwide, Inc.,
   895 F. Supp. 2d 438 (E.D.N.Y. 2012) ..................................................................................6

Walczyk v. Rio,
   496 F. 3d 139 (2d Cir. 2007).................................................................................................5

White v. Pauly,
   137 S. Ct. 548 (2017)............................................................................................................4

Williams v. City of New York,
   2012 U.S. Dist. LEXIS 21729 (S.D.N.Y. Feb. 17, 2012).....................................................3

Wong v. Yoo,
    649 F. Supp. 2d 34, 2009 U.S. Dist. LEXIS 73067 (E.D.N.Y. Aug. 18, 2009) ........................ 2

**Other Authorities**

Fed. R. Civ. P. 56 ............................................................................................................. 1,2

Local Civil Rule 56.1 ....................................................................................................... 1,2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JONATHAN HARRIS,

                                      Plaintiff,

                                                                  15 CV 8456 (CM) (RLE)

             -against-

CITY OF NEW YORK; Detective BRIAN TAYLOR,
Shield No. 4438; Police Officer NEIL MAGLIANO,
Shield No. 2766; Police Officer SEAN NOCE, Shield
No. 31328; Detective JUSTIN PARRIS, Shield No.
22965; Sergeant WESLEY FRADERA, Shield No. 4246,

                                      Defendants.

------------------------------------------------------------------------X

### REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

       This memorandum of law is offered in further support of Defendants' Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure ("hereinafter "Defs' Memo"), dated August 30, 2017. Plaintiff has not raised any genuine issue of *material fact* sufficient to defeat defendants' motion. [1]

### ARGUMENT

### POINT I  PLAINTIFF HAS FAILED TO COMPLY WITH LOCAL RULE 56.1

       Under Local Rule 56.1, a party is required to submit a "statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any

---

[1] Plaintiff has withdrawn his unlawful search and seizure claim.

statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Local Rule 56.1(a),(d).

Plaintiff failed to comply with his obligations under this rule. Although plaintiff submitted a response to Defendants' Local Rule 56.1 statement, in almost every instance, plaintiff did not identify evidence that controverted defendants' statements with citations to admissible evidence. See Plaintiff's Response to Defendants' Statement Pursuant To Local Civil Rule 56.1 ("Pls. 56.1") at Doc. 90. When a paragraph in a moving party's Local Rule 56.1 statement is not specifically controverted by the opposing party, it "will be deemed admitted for the purposes of the motion." Local Rule 56.1(c); see Fed. R. Civ. P. 56(e)(2). Therefore defendants ask to court to deem admitted any disputed facts where plaintiff does not cite to admissible evidence. See Bank of America v. Fischer, 927 F. Supp. 2d 15 (E.D.N.Y. 2013) (noting that the defendant's failure to comply with Local Rule 56.1 was "inexcusable as he was represented by counsel").

## POINT II

**PLAINTIFF HAS NOT ALLEGED ANY *MATERIAL* FACTS TO SHOW PERSONAL INVOLVEMENT OF DEFENDANTS TAYLOR, NOCE, PARRIS AND FRADERA WITH RESPECT TO PLAINTIFF'S FALSE ARREST CLAIM**

In order to be held liable on a claim of false arrest, plaintiff must produce facts that suggest defendants Taylor, Noce, Parris and Fradera had any personal involvement in his arrest. "[P]ersonal involvement is a prerequisite to a finding of liability under § 1983." Wong v. Yoo, 649 F. Supp. 2d 34, 61, 2009 U.S. Dist. LEXIS 73067, *53 (E.D.N.Y. Aug. 18, 2009) (citing Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994)). Even if an individual did have personal involvement in an arrest, if they relied on the representations of another police officer,

they are entitled to the protection of the fellow officer rule. "Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to constitute probable cause, so long as the officer is acting 'upon the direction of or as a result of communication with' a fellow officer." People v. Ramirez-Portoreal, 88 N.Y.2d 99, 113 (1996). An officer cannot be held liable for a claim of false arrest for relying on another officer's information "[u]nless the arresting officer's reliance on the transmitted information is unreasonable under the circumstances, information received from another officer is sufficient to establish probable cause, regardless of the Plaintiff's actual guilt or innocence. See Spencer v. Ellsworth. No. 09 Civ. 3773, 2011 U.S. Dist. LEXIS 49984, 2011 WL 1775963 at *6 (S.D.N.Y. May 10, 2011)." Williams v. City of New York, 2012 U.S. Dist. LEXIS 21729, *17, (S.D.N.Y. Feb. 17, 2012).

Defendants Parris and Noce had no personal involvement in plaintiff's arrest. Sgt. Noce's only involvement in the arrest was the searching of a jacket. Defendants Statement of Undisputed Facts Pursuant to Rule 56.1 at ¶ 7. Detective Parris had no role whatsoever in plaintiff's arrest. Defs. 56.1 ¶ 15. Plaintiff has produced no evidence contradicting these facts and therefore these facts must be deemed admitted for the purposes of this motion and plaintiff's false arrest claims must fail against defendants Noce and Parris.

Plaintiff cites to no admissible evidence to show that defendants Taylor and Fradera improperly relied on the representations of defendant Magliano in arresting plaintiff. In plaintiff's statement of undisputed facts in support of his motion for partial summary judgment, plaintiff states – and defendants do not dispute – that Detective Brian Taylor did not observe plaintiff commit any crime or infraction by plaintiff on May 7, 2015. Plaintiff's Statement Pursuant to Local Rule 56.1 dated August 30, 2017 at ¶ 2. In the testimony cited by plaintiff, Detective Taylor testifies specifically:

3

> "Q" Okay. So did you observe Jonathan Harris prior to his arrest?
> A: I -- I would say no.
> Q: Okay. So you -- is it fair to say that you didn't witness the criminal conduct that led to the arrest of Jonathan Harris?
> A: That's correct."
> Deposition of Brian Taylor, attached to the Declaration of Gabriel Harvis, dated August 30, 2017, Exh. 1, 17:13-17.

Incredibly, plaintiff then disputes the same facts used by defendants in their statement of undisputed facts which cites to the **exact same testimony.** See, Defs' 56.1 ¶¶ 13-14. The Court should therefore deem admitted the fact that Detective Taylor did not observe the criminal conduct that led to the arrest of Jonathan Harris and therefore Detective Taylor had no personal involvement in plaintiff's arrest. Plaintiff also cites to no admissible evidence to suggest that Sgt. Fradera unreasonably relied on information provided to him by defendant Magliano or had any personal involvement in plaintiff's arrest. Defs' 56.1 ¶ 16. Therefore plaintiff's false arrest claim must fail against defendants Taylor and Fradera.

### POINT III

**PLAINTIFF HAS NOT ALLEGED ANY MATERIAL FACTS SUFFICIENT TO DEFEAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BASED ON QUALIFIED IMMUNITY.**

Defendant Magliano should be granted qualified immunity with respect to plaintiff's false arrest claim because he had at a minimum arguable probable cause to arrest plaintiff. Plaintiff merely argues that defendant Magliano is not entitled to qualified immunity because he lacked probable cause to arrest plaintiff. However, The U.S. Supreme Court has said that in order for qualified immunity to be inapplicable, the right violated must be described with particularlity. White reaffirms the position that clearly established law cannot "be defined at a high level of generality" but "must be particularized to the facts of the case." White v. Pauly, 137

4

S. Ct. 548, 552 (2017). Even if defendant Magliano was mistaken that plaintiff possessed a scalpel and that possession of a scalpel constituted criminal possession of a weapon, there is no clearly established law stating that arresting plaintiff under those facts violated his constitutional rights. Qualified immunity is applicable regardless of "whether the government official's error is a mistake of law, fact or a mistake based on mixed questions of law and fact." Pearson v. Callahan, 555 U.S. 223 (2009). "Qualified immunity, thus, sweeps broadly, precluding damages claims against 'all but the plainly incompetent or those who knowingly violate the law.'" Basinski v. City of New York, 2017 U.S. App. LEXIS 16162, *7 (August 24, 2017 2nd Cir.) (Internal citations omitted).

Here the undisputed facts show that defendant Magliano approached plaintiff because he matched the description of an individual described in 911 call in possession of a gun. Defs' 56.1 ¶¶ 1-2. Defendant Magliano then saw plaintiff drop a jacket to the ground. Defs' 56.1 ¶ 6. While plaintiff denied owning the jacket in which the scalpel was found, he did not specifically deny defendant Magliano's statement that the officer saw plaintiff drop a jacket to the ground. Defendant Magliano also testified that plaintiff told him that he kept the scalpel for protection. Defs' 56.1 ¶ 11. Plaintiff does cite to any admissible testimony that contradicts this observation by Magliano. Even if plaintiff made this statement after his arrest, it corroborates defendant Magliano's observations that he saw plaintiff drop the jacket on the ground, even if that belief was mistaken. "'[A]n officer is still entitled to qualified immunity if officers of reasonable competence could disagree on the legality of the action at issue in its particular factual context.'" Walczyk v. Rio, 496 F. 3d 139, 154 (2d Cir. 2007) (internal citations omitted)." Goodman v. City of New York, 2015 U.S. Dist. LEXIS 37063, *9-10 (S.D.N.Y. Feb. 18, 2015).

5

Plaintiff also attempts to argue that defendant Magliano should not have arrested plaintiff merely for possessing the scalpel. However, there is no clearly established law stating that an individual in possession of a scalpel cannot be arrested for criminal possession of a weapon. See, Small v. Bud-Kworldwide, Inc., 895 F. Supp. 2d 438, 451-452, (E.D.N.Y. 2012) (citing State v. Horton, 98 N.J. Super. 258, 236 A.2d 891, 893 (Super. Ct. N.J. 1967) which holds that "[a] scalpel in a physician's bag may be just a scalpel; a 'scalpel' in a pocket may be a concealed dangerous weapon."). As such, there was at least arguable probable cause to arrest plaintiff because defendant Magliano reasonably believed plaintiff possessed a jacket with a scalpel and that conduct was criminal even if that belief was mistaken.

### POINT IV

### PLAINTIFF'S REMAINING CLAIMS MUST FAIL

As an initial matter, plaintiff makes no viable Monell claim against the City. Plaintiff's Third Amended Complaint does not enumerate the elements of a Monell claim and it therefore should be dismissed. Third Am. Cmpl. Doc. 67."'When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights.' See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011)." Sagy v. Burgos, 2017 U.S. Dist. LEXIS 148561, *8 (September 8, 2017 S.D.N.Y.). Plaintiff submits no evidence for the proposition that the City of New York failed to train the officers in question or had any policy or practice that resulted in his arrest.

Plaintiff appears to claim he has pled a supervisory liability claim against Sgt. Fradera. However, plaintiff's Third Amended Complaint makes no mention of any such claim

against Sgt. Fradera. Third Am. Cmpl. Doc. No. 67. Therefore plaintiff is barred now, for the first time, from arguing that defendant Fradera should be held liable for any actions he may have taken concerning the arrest of plaintiff as plaintiff presents no evidence of the violation. Claims against supervisors in their individual capacities require a plaintiff to "allege sufficient facts to demonstrate that defendants were personally or directly involved in the violation, that is, that there was 'personal participation by one who ha[d] knowledge of the facts that rendered the conduct illegal.'" Mercier v. Kelly, No. 10 Civ. 7951 (ALC) (JCF), 2013 U.S. Dist. LEXIS 118106, at *14 (S.D.N.Y. April 30, 2013) (alteration in original). "Mere linkage in the chain of command is insufficient to implicate a supervisory official in a § 1983 claim." Id. at *15 (quoting Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003)).

Because defendants Taylor, Fradera, Parris and Noce had no personal involvement in plaintiff's arrest, they cannot therefore be held liable for a claim to failure to intervene. Without personal involvement, defendants Taylor, Fradera, Parris and Noce could not have had a realistic opportunity to intervene in any alleged unconstitutional conduct. As well, defendant Magliano cannot be held liable in a failure to intervene claim either as a police officer cannot be held liable for failure to intervene in his own conduct. Jackson v. City of New York, 939 F. Supp. 2d 219, 232 (E.D.N.Y. 2013).

Finally, plaintiff's denial of a right to a fair trial claim must also fail. "A person suffers a constitutional violation if an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." Jovanovic v. City of New York, 486 Fed. Appx. 149, 152 (2d Cir. 2012). Therefore to succeed on a fair trial claim, a plaintiff must show causation "i.e., that the alleged fabrication of evidence led to a deprivation of his liberty." Maldonado v. City of New York, 2014 U.S. Dist. LEXIS 26239, *29-30 (S.D.N.Y. Feb. 26,

7

2014). Here it is clear that prior to arraignment the District Attorney for New York County declined to prosecution plaintiff's case. Defs' 56.1¶ 20. Again, plaintiff offers no admissible evidence to dispute this fact. Therefore plaintiff could not suffer a deprivation of liberty sufficient to constitute a violation of his constitutional right to a fair trial. Plaintiff also presents no admissible evidence for the proposition he suffered any deprivation of liberty with respect to any information forwarded to prosecution by defendants. Therefore the Court should dismiss plaintiff's denial of a fair trial claim.

## CONCLUSION

For the foregoing reasons, defendants City of New York, Detective Brian Taylor, Detective Neil Magliano, Sgt. Sean Noce, Detective Justin Parris and Sgt. Wesley Fradera respectfully request that the Court grant their motion for summary judgment in its entirety, together with costs, fees and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       September 18, 2017

    Corporation Counsel of the City of New York
    *Attorney for Defendants City of New York,*
    *Taylor, Magliano, Noce, Parris and Fradera*
    100 Church Street
    New York, New York 10007
    (212) 356-2656

By: _____
    Paul H. Johnson
    *Assistant Corporation Counsel*
    Special Federal Litigation Division

Cc:    Gabriel Harvis, Esq. (via ECF)