```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-15-17
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN HARRIS,

                        Plaintiff,

        – against –

CITY OF NEW YORK, BRIAN TAYLOR,
SEAN NOCE, JUSTIN PARRIS, and
WESLEY FRADERA,

                        Defendant.

ORDER
15-CV-8456 (CM) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

On Thursday, July 13, 2017, the Court held a conference with the Parties. In reference to unproduced documents identified in Plaintiff Jonathan Harris's ("Harris") June 20, 2017 letter, the following exchanges occurred:

> The Court: Now, what other problems do you have, counsel?
> Mr. Harvis: Well, Your Honor, I mean I think that actually leads to another problem because, as Your Honor kind of indicated, I mean we have the specter of privilege raised throughout these responses. I would say the majority of defendant's responses to the discovery demands mention that a certain privilege or another are implicated. So it's hard for me to understand how to reconcile that with the notion that a privilege log or a redaction log is not appropriate in this case.
> MR. JOHNSON: Because we don't have any documents that we're withholding.
> THE COURT: There are no documents, okay.
> MR. JOHNSON: Yes.
> THE COURT: Okay. This list that's on page 2, you're saying whenever you raise the specter privilege, there are, in fact, no documents that are responsive to these requests.
> MR. JOHNSON: Right.

(Transcript of July 13, 2017 Conference ("Tr.") at 12:24-13:18.)

. . . .
> THE COURT: Okay. But just to be clear, it's your representation that you, as far as you know, you have given him all the files that --
> MR. JOHNSON: Right. And I was never informed of any deficiencies after I sent those files two weeks ago, I would have corrected them to the extent I could have.

(Tr. at 18:13-18.) Subsequent to the exchanges above, the Court ordered the Defendants to produce all outstanding documents to Harris by noon of the next day, which was Friday. The

Court noted that if the Defendants had already sent the outstanding documents, as had been represented, then the Defendants had already complied with the Court's order. (Tr. at 27:2-13.)

On Friday, July 14, 2017, the Defendant asked the Court for an extension of time until Monday, July 17, 2017 to produce outstanding disciplinary files. (Doc. No. 54.) Harris filed a letter informing the Court that the Defendants had not produced "any of the underlying files" related to the identified complaints in Harris's June 20, 2017 letter. (Doc. No. 55.) Harris also asked the Court to deem the Defendants in violation of the Court's order to produce all discovery by Friday at noon. (*Id.*) The Court denied the City of New York's request for an extension on July 14, 2017 and ordered counsel, Paul Hasan Johnson, to "show good cause by July 17, 2017, why counsel should not be sanctioned for failing to produce documents in light of counsel's representation to the Court that the documents had already been produced." (Doc. No. 56.)

On July 17, 2017, counsel for the Defendants filed a response to the Court's order, stating "Defendants have produced…the remaining disciplinary files to plaintiff on July 17, 2017 and therefore states that the Order to Show Cause should be deemed moot as the order has been fulfilled." (Doc. No. 57.) On July 18, 2017, Harris filed a letter with the Court disputing the City of New York's representation that all disciplinary files had been produced. (Doc. No. 58.)

On July 18, 2017, Court issued an order for the Defendants to "(1) state with specificity the process wherein factually incorrect information was provided to the Court and (2) respond to Harris's factual assertions on or before July 25, 2017, at 5:00p.m." (Doc. No. 59.) The Defendants responded on July 25, 2017. The Defendants informed the Court that it had "produced disciplinary files on a rolling basis" between May and July 12, 2017 and that it "believed [it] had produced all the relevant files in this matter" when it appeared at the July 13

2

conference. (Doc. No. 60 at 1.) Johnson responded that "The undersigned apologizes for his mistake that upon information and belief all the relevant documents had been produced and produced the relevant files and the undersigned attempted to correct any omission immediately after they were discovered." (Doc. No. 60). This did not explain the representations made to the Court because Johnson had never indicated that he was relying on information from other persons, and was unequivocal in his assertions. In short, he had failed to explain why he believed the Defendants had produced all the relevant files in the matter, including the process the Defendants initially undertook to produce files during the May through July period.

The Court has "inherent power to police itself." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). The Court finds that sanctions could have been imposed here because the representations to the Court by Defendants and their counsel interfered with the Court's ability to resolve a discovery dispute between the Parties and unnecessarily delayed litigation. *See id.* ("[A] court . . . may assess attorney's fees against the responsible party. . . when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order."). Having considered the status of the case, however, the Court concludes that sanctions would not advance the cause in this case. This closes the matter of the Order to Show Cause.

**SO ORDERED this 15 th day of November 2017.**
**New York, New York**

*Ronald Ellis*
_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**